Jerrel Spencer LAMBETH, Appellant,

v.

TEXAS UNEMPLOYMENT COMPENSATION COMMISSION and Chance Vought Aircraft, Inc., Appellees.

No. 4042.

Court of Civil Appeals of Texas.

Waco.

Oct. 18, 1962.

Rehearing Denied Nov. 21, 1962.

William F. Billings, Dallas, for appellant.

Will Wilson, Atty. Gen., Sam Lane, Asst. Atty. Gen., Austin, Thompson, Knight, Wright & Simmons and Timothy Kelley, Dallas, for appellee.

WILSON, Justice.

The question before us is whether the court properly dismissed an appeal from a decision of the Commission under Art. 5221b–4(i), Vernon's Ann.Tex.Civ.St., for want of jurisdiction on the ground appellant's employer was not joined as a party within 10 days after the decision became final.

The statute provides that an aggrieved party may obtain judicial review of a decision by commencing an action against the Commission within 10 days for review of its decision "in which action any other party to the proceeding before the Commission shall be made a defendant."

Appellant commenced an action in Justice Court against the Commission within the 10-day period, but first joined his employer as a party by amended pleading more than a month after that period had expired. The County Court at Law dismissed the suit on appeal.

The employer, a party to the proceedings before the Commission, was an interested party to an appeal from the decision, Todd Shipyards Corp. v. Texas Employment Commission, 153 Tex. 159, 264 S.W.2d 709, 713; was an indispensable party by statutory requirement, Texas Employment Commission v. Daniel, Tex.Civ.App., 241 S.W.2d 969, 971, no writ; and without its joinder the court was without jurisdiction. The appeal is "strictly governed by the statute" of its creation. Texas Employment Comm. v. International Union of Electrical, Radio & Machine Wkrs., Tex., 352 S.W.2d 252, 254.

The 10-day time limitation is jurisdictional. Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195. The statute under construction requires "commencing an *action*" within that time, "in *which action*" the employer here "shall be

 

made a defendant." To hold as appellant contends would be to authorize an appeal by an aggrieved employer without joinder of its employee in commencing the action. We do not think such an anomaly was the legislative intent. We interpret the statute to mean that the action must be commenced against the parties prescribed by its terms within 10 days after the decision becomes final in order to confer jurisdiction on the court. See Brown v. McMillan Material Co., Tex.Civ.App., 108 S.W.2d 914, 916, writ refused. The employer was such a party. The action was properly dismissed.

Affirmed.