TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00037-CV







Albert F. Peralta, Appellant



v.



Texas Employment Commission, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 484,520, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







PER CURIAM


 Appellant Albert F. Peralta challenges the trial court's dismissal for want of
jurisdiction of his suit for judicial review of a Texas Employment Commission ("TEC") decision
denying him unemployment benefits. Peralta filed suit against the TEC within the jurisdictional
time limits prescribed by former article 5221b-4(i). (1) However, he failed to join his former
employers, who were parties to the administrative proceedings. We will affirm the trial court's
judgment.

 If a cause of action and the remedy for its enforcement are based on statutory law,
the statutory provisions are mandatory and exclusive. Mingus v. Wadley, 285 S.W. 1084, 1087
(Tex. 1926); Dolenz v. Texas State Bd. of Medical Examiners, No. 03-93-00229-CV, slip op. 3-4
(Tex. App. Austin May 31, 1995, no writ). Each statutory requirement in such an appeal is
jurisdictional. Id. The issue is whether a party who seeks review of an unfavorable TEC decision
must, within fourteen days, name not only the TEC but also the other parties to the TEC
proceeding as defendants before the trial court's jurisdiction attaches. 

 Former article 5221b-4(i) provided:



Within fourteen (14) days after the decision of the Commission has become final,
and not before, any party aggrieved thereby may secure judicial review thereof by
commencing an action in any court of competent jurisdiction in the county of
claimant's residence against the Commission for the review of its decision, in
which action any other party to the proceeding before the Commission shall be
made a defendant . . . .



Act of May 23, 1987, 70th Leg., R.S., ch. 833, § 4, 1987 Tex. Gen. Laws 2867, 2869 (Tex.
Rev. Civ. Stat. Ann. art. 5221b-4, since repealed) (emphasis added). Article 5221b-4(i) was
repealed and replaced by Texas Labor Code section 212.201 in 1993 as part of a nonsubstantive
codification. Act of May 4, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 990. 
Texas Labor Code section 212.201 provides:



(a) A party aggrieved by a final decision of the commission may obtain judicial
review of the decision by bringing an action in a court of competent
jurisdiction for review of the decision against the commission on or after
the date on which the decision is final, and not later than the 14th day after
that date.


(b) Each other party to the proceeding before the commission must be made a
defendant in an action under this subchapter.



Tex. Labor Code Ann. § 212.201 (West 1995). (2) 

 Several Texas courts of appeals, interpreting former article 5221b-4(i), held that
it required that the aggrieved party both begin an action against the TEC and join any other party
to the proceeding as a defendant within fourteen days. See Lambeth v. Texas Unemployment
Compensation Comm'n, 362 S.W.2d 205, 206-07 (Tex. Civ. App.--Waco 1972, writ ref'd); Olson
v. Texas Employment Comm'n, 593 S.W.2d 866, 867 (Tex. Civ. App.--Corpus Christi 1980, writ
ref'd n.r.e.); Texas Employment Comm'n v. Daniel, 241 S.W.2d 969, 970 (Tex. Civ.
App.--Texarkana 1951, no writ). 

 The Lambeth court focused on the language that required the dissatisfied party to
appeal by "commencing an action" within the jurisdictional time limits, "in which action" the
employer "shall be made a defendant." Lambeth, 362 S.W.2d at 206-07. The Lambeth court did
not consider that the requirement that other parties be joined was separated by a comma from the
requirement that "within fourteen days . . . any party may secure judicial review . . . by
commencing an action "against the Commission."

 More recently, the Texas Supreme Court cited Lambeth, and its interpretation of
article 5221b-4(i), with approval. Texas Catastrophe Property Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condominium Ass'n, 706 S.W.2d 644, 647-48 (Tex. 1986) (citing
Lambeth for proposition that party pursing administrative appeal must name "defendant mandated
by statute as a party within the time limit set forth in order to invoke the trial court's
jurisdiction."). (3) 

 Concluding that the failure to join the employers by the fourteen day deadline is
jurisdictional seems harsh because one could read the language of article 5221b-4(i) or section
212.201 as providing that one can appeal a TEC decision by suing the TEC within fourteen days
and joining the employer later. However, since the Texas Supreme Court refused an application
for writ of error in Lambeth, that decision is stare decisis. Hamilton v. Empire Gas & Fuel Co.,
110 S.W.2d 561, 565-66 (Tex. 1937); Ohler v. Trinity Portland Cement Co., 181 S.W.2d 120,
123 (Tex. Civ. App.--Galveston 1944, no writ). We are therefore bound by the prior
interpretation. 


 Under the authority of Lambeth, we hold that Peralta must have joined his former
employers within fourteen days for the trial court's jurisdiction to attach. He did not. We
overrule Peralta's point of error and affirm the trial court's judgment.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish
1.   Former article 5221b-4(i) was repealed and replaced by Texas Labor Code section
212.201 in a nonsubstantive codification. See Act of May 4, 1993, 73d Leg., R.S., ch. 269, §
1, 1993 Tex. Gen. Laws 987, 1106; 1273. 
2.   We do not suggest that section 212.201 conflicts with article 5221b-4(i); it appears to
only more clearly state the requirements. However, if a conflict existed, the former statute
would control since section 212.201 was written pursuant to the legislature's directive to the
Texas Legislative Council to nonsubstantively revise the statutory law. See Johnson v. City of
Fort Worth, 774 S.W.2d 653, 654-55 (Tex. 1989); Act of May 4, 1993, 73d Leg., R.S., ch.
269, § 1, 1993 Tex. Gen. Laws 987, 990.
3.   The Saida court considered whether an appeal from an adverse decision of the State
Board of Insurance must comply with both the former Administrative Procedure and Texas
Register Act (APTRA) and the Insurance Code. APTRA required that a suit challenging an
agency decision be filed within thirty days after the decision is final and the Insurance Code
required that the State Board of Insurance be named as defendant in any suit challenging one
of its decisions. The supreme court held that since the appellant failed to name the State Board
of Insurance as a defendant within thirty days of its final decision, the trial court's jurisdiction
did not attach. Saida may be distinguished because one could appeal a State Board of
Insurance decision only by filing suit against the Board, and that suit must have been filed
within thirty days. Clearly, if Peralta had failed to join the TEC within fourteen days, he
would have failed to comply with the statue and the trial court would not have jurisdiction
over the matter.