**AFFIRMED; Opinion Filed June 12, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00086-CV**

**JAMIE STOKER, Appellant**
**V.**
**TWC COMMISSIONERS, HOPE ANDRADE[1], ANDRES ALCANTAR,**
**AND RONALD CONGLETON, Appellees**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-04121-2011**

## OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

Jamie Stoker appeals the trial court's order granting a plea to the jurisdiction filed by the

Texas Workforce Commission. In a single issue, Stoker contends the trial court erred in

dismissing her case because the provision relied upon by the TWC in its plea is not a

jurisdictional prerequisite. We conclude Stoker's argument is without merit, and we affirm the

trial court's order.

## BACKGROUND

This case arises out of the Texas Workforce Commission's denial of unemployment

benefits to Jamie Stoker. Stoker applied for benefits in April 2010, asserting that she was fired

---

[1] In March 2013, the Governor of Texas appointed Hope Andrade as a commissioner on the Texas Workforce Commission to replace Tom Pauken who resigned shortly before that date. We substitute Andrade for Pauken pursuant to Texas Rule of Appellate Procedure 7.2(a).

without cause by her employer, At Auction Ltd. The TWC hearing officer found that Stoker voluntarily left her employment with At Auction and denied her request for benefits. This finding was upheld by both the TWC Appeal Tribunal and the TWC Commission.

Stoker filed a motion for rehearing with the TWC Commission, which was denied on August 31, 2011. The written decision denying the motion included a notice of Stoker's statutory right to appeal and informed her that she could seek judicial review of the decision. The notice further informed Stoker that any action for judicial review had to be brought within fourteen days of the Commission's decision becoming final, and "each other party to the proceeding before the Commission must be made a defendant in such action." The Commission's decision became final on September 14, 2011.

On September 28, Stoker filed this action in district court requesting a de novo review of the Commission's decision. In her petition, Stoker named the TWC as a defendant, but did not name At Auction, the other party to the proceeding before the Commission. The TWC answered and filed a plea to the jurisdiction contending that Stoker's failure to name her former employer as a party within the prescribed time period deprived the trial court of subject matter jurisdiction. Stoker then filed an amended petition adding At Auction as a party. The TWC filed an amended plea to the jurisdiction arguing that the requirement of filing suit against all parties to the proceeding before the Commission within the statutory time period was a jurisdictional prerequisite, and the failure to name all the parties was a defect that could not be cured by an amendment after the statutory period had passed. The trial court granted TWC's plea to the jurisdiction on January 5, 2012. This appeal followed.

## ANALYSIS

### I. Whether the Filing Deadline in Section 212.201 is a Jurisdictional Prerequisite

Stoker brought this action under section 212.201 of the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 212.201 (West 2006). Subsection (a) of section 212.201 states that a party aggrieved by a final decision of the TWC may obtain judicial review of the decision by bringing a suit for review against the TWC not later than the fourteenth day after the decision becomes final. *Id.* Subsection (b) states that "[e]ach other party to the proceeding before the commission must be made a defendant in an action under this subchapter." *Id.* The TWC does not dispute that this section constitutes a waiver of governmental immunity allowing suit against it despite its status as a governmental entity. Instead, the TWC contends, and the trial court concluded, that Stoker's failure to name all the necessary parties as defendants in the suit within the statutory time period constituted a failure to meet the statutory requirements for invoking the trial court's jurisdiction. Stoker argues that the trial court erred in granting the TWC's plea because adding all necessary parties within the fourteen-day limitations period is not a jurisdictional prerequisite to suit. We conclude, based on the Texas Supreme Court's recent opinion in *Prairie View A & M University v. Chatha*, 381 S.W.3d 500 (Tex. 2012), that Stoker's argument is not well taken.

The specific question at issue here has been addressed directly by several Texas appellate courts and resolved in the TWC's favor. *See, e.g., Wren v. Tex. Emp't Comm'n*, 915 S.W.2d 506, 509 (Tex. App.—Houston [14th Dist.] 1995, no writ); *Lambeth v. Tex. Unemployment Comp. Comm'n*, 362 S.W.2d 205, 207 (Tex. Civ. App.—Waco 1962, writ ref'd). In construing the substantively identical predecessor statute to section 212.201, those and other courts held that the plaintiff was required to join all necessary parties within the statutory time period for the trial court to have subject matter jurisdiction. *See Wren*, 915 S.W.2d at 509. When those opinions

–3–

were rendered, however, the courts were applying the rule announced by the Texas Supreme Court in *Mingus v. Wadley* that a plaintiff must strictly comply with all statutory requirements to vest a trial court with jurisdiction over a cause of action created by statute. *See Mingus v. Wadley*, 285 S.W. 1084, 1087 (Tex. 1926). Since that time, the supreme court has abrogated *Mingus* and, with respect to suits against the government, the current law is that only statutory *prerequisites to suit* are jurisdictional requirements. *See* TEX. GOV'T CODE ANN. § 311.034 (West 2013); *see also*, *Chatha*, 381 S.W.3d at 510–11.

In *Dallas County v. Hughes*, this Court held that filing an action against a governmental entity within the statutory time period was not a jurisdictional prerequisite to suit because a prerequisite is "something required beforehand." *See Dallas Cnty. v. Hughes*, 189 S.W.3d 886, 888 (Tex. App.—Dallas 2006, pet. denied). Furthermore, we reasoned that "presenting a position that an action is barred by the statute of limitations requires an affirmative pleading by the *defendant*, not the plaintiff, and therefore cannot be considered a prerequisite to filing suit." *Id.* at 889. Recently, the Texas Supreme Court agreed with our reasoning that a jurisdictional prerequisite included only those statutory requirements which must be complied with prior to filing suit. *See Chatha*, 381 S.W.3d at 514–15. Despite this reasoning, the court responded to the dissent by concluding that the timely filing of the lawsuit is a prerequisite to suit when the defendant is a governmental entity. *Id.* at 515; c*ontra id.* at 523 n.14 (Jefferson, C.J., dissenting) (favorably citing *Hughes*). Based on this holding, we must conclude that the fourteen-day filing eadline for a plaintiff to file suit under section 212.201 of the labor code is a jurisdictional prerequisite.[2]

---

[2] We note that, unlike *Hughes*, the result in *Texas Underground, Inc. v. Texas Workforce Comm'n,* 335 S.W.3d 670 (Tex. App.—Dallas 2011, no pet.) is not affected by the supreme court's subsequent opinion in *Chatha*. In *Texas Underground*, we held that the failure to achieve timely service of process of a lawsuit was not jurisdictional. *Id*. at 675. *Chatha* addressed jurisdictional prerequisites to suit up to and including the filing of the suit, and not service of process which necessarily occurs after suit is filed.

**II. Whether the Requirements of Section 212.201 Were Satisfied**

Having concluded that the filing deadline of section 212.201 is jurisdictional, we must now determine whether Stoker met the requirements of the statute sufficiently to invoke the trial court's jurisdiction. As stated above, Stoker filed suit against the TWC within the fourteen-day limitations period. Stoker did not, however, name her employer as a defendant in the suit as required by subsection (b) of the statute until after the limitations period expired. The issue, then, is whether naming all the necessary parties is a jurisdictional requirement and, if so, whether the requirement can be met after the limitations period has expired.

Under the earlier cases applying *Mingus*, it was well established that a party seeking review of a governmental agency's decision was required to name all defendants mandated by the statute within the limitations period to invoke the trial court's jurisdiction. *See Tex. Catastrophe Prop. Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condo. Ass'n*, 706 S.W.2d 644, 646 (Tex. 1986). It was equally well established that, if the petition did not name all the mandated defendants, it could not be amended after the limitations period expired to cure the jurisdictional defect. *Id.* at 647. The reasoning was that the statute's requirement to bring an action for judicial review within a certain time period meant that the specific action authorized by the statute, which included mandatory defendants, had to be brought within the limitations period to confer jurisdiction on the trial court. *See Lambeth*, 362 S.W.2d at 206–07. Because the limitations period has been reestablished as a jurisdictional prerequisite for suits against the government, as it was under *Mingus*, we are compelled to conclude that the same reasoning used in the earlier cases applies here. Accordingly, Stoker's petition failed to vest the trial court with jurisdiction over her action because it did not name all the necessary defendants within the limitations period. The trial court properly granted the TWC's plea to the jurisdiction.

We affirm the trial court's order.


/David Evans/
DAVID EVANS
JUSTICE


120086F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAMIE STOKER, Appellant

No. 05-12-00086-CV     V.

TWC COMMISSIONERS, HOPE
ANDRADE, ANDRES ALCANTAR,
RONALD CONGLETON, Appellees

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-04121-2011.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

      In accordance with this Court's opinion of this date, the order of the trial court is
**AFFIRMED**.


Judgment entered this 12th day of June, 2013.


/David Evans/
DAVID EVANS
JUSTICE