**MODIFY and AFFIRM; and Opinion Filed July 23, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00328-CV

### THE CITY OF DALLAS, Appellant
### V.
### 6101 MOCKINGBIRD, LLC, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-06071-E**

# MEMORANDUM OPINION
Before Justices Bridges, Schenck, and Pedersen, III
Opinion by Justice Schenck

The City of Dallas appeals the denial of its partial plea to the jurisdiction. The trial court found the City's plea to be without merit. We agree. Accordingly, with one modification described below, we affirm the trial court's order denying the City's plea. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

In 2014, 6101 Mockingbird, LLC ("Mockingbird") purchased two joining properties located at the northeast corner of Skillman Avenue and Mockingbird Lane (the "Property"). A gas station and a service center were located on the Property. The Property is zoned commercial retail, requiring a minimum front-yard setback of 15 feet.

Mockingbird planned on developing the Property for a medical services clinic. On January 7, 2015, Mockingbird filed an Application for Land Subdivision with the City to permit that use. The application requested a plat of the Property with the stated purpose of creating two lots to allow for commercial use other than as a gas station. On January 23, 2015, the City informed Mockingbird that its application for the plat of the Property was conditionally approved. Final approval required compliance with certain listed conditions, including a dedication to the City, in fee simple, of a 10-foot strip of land along Mockingbird Lane.[1] The required dedication was in furtherance of the City of Dallas' thoroughfare plan, which is a long term plan to provide efficient flow of traffic throughout the city and provides for the expansion of roads. In addition, the City has a zoning ordinance that requires a 15 foot setback for development of commercial properties, measured from the edge of the dedicated road or highway.

On February 5, 2015, Mockingbird notified the City that it believed the required dedication was an illegal taking and requested that the City perform a rough proportionality analysis for the requested right-of-way dedication and the impact from Mockingbird's proposed development.[2] *See Dolan v. City of Tigard*, 512 U.S. 374 (1994) (discussing municipality's obligation to perform rough proportionality in connection with compelled dedication or exaction). On May 14, 2015, a City of Dallas Engineer notified Mockingbird that he had determined the required dedication was roughly proportional to the impact of the proposed development project, meaning the City would offer no compensation for the required dedication.

---

[1] Mockingbird's claims stem from the City's requirement that it make a fee simple dedication of the 10-foot strip of land to the City. The City now contends that the required dedication was a request that Mockingbird acknowledge the existence of a pre-existing sidewalk and utility easement. But the record shows the City required a dedication. A fee simple dedication implicates property rights far greater than the grant of an easement. *See BNSF Railway Co. v. Chevron Midcontinent, L.P.*, 528 S.W.3d 124, 134 (Tex. App.—El Paso 2017, no pet.).

[2] Section 212.904 of the local government code places the burden on the City to employ a professional engineer to perform a rough proportionality analysis. TEX. LOC. GOV'T CODE ANN. § 212.904(a).

Mockingbird made the required dedication under protest and appealed the rough proportionality determination to the City Plan Commission ("CPC").[3] Mockingbird maintained that it should be compensated for the value of the required 10-foot dedication. Mockingbird submitted an appraisal valuing the strip of land at $327,603. The CPC concluded Mockingbird failed to meet its burden of proof in order to overturn the City Engineer's finding of no disproportionate impact.

Mockingbird appealed the CPC's decision to Dallas City Council ("City Council"). City Council affirmed the CPC's determination.

Mockingbird then brought this lawsuit in county court appealing City Council's decision pursuant to section 212.904(c) of the local government code, which governs the apportionment of municipal infrastructure costs. TEX. LOC. GOV'T CODE ANN. § 212.904(c). In addition to claiming the City violated section 212.904 because the required dedication was not roughly proportionate to the impact of the redevelopment of the Property, Mockingbird alleged violations of its substantive and procedural due-process rights and that the City's actions constituted compensable exactions or takings under the federal and state constitutions. In doing so, Mockingbird referenced the 10-foot dedication and the measurement of setbacks from the City's Major Thoroughfare Plan line.[4] The City answered, generally denying Mockingbird's claim and asserting that the City's actions did not violate section 212.904 and were not unconstitutional or illegal.

The City filed a partial plea to the jurisdiction challenging the trial court's subject-matter jurisdiction on four grounds. Those grounds concerned Mockingbird's pleading reference to the setback from the Major Thoroughfare Plan line. In particular, the City claimed Mockingbird (1)

---

[3] The City insisted that Mockingbird appeal to the CPC before appealing to Dallas City Council. The statute requires only an appeal to the governing body of the municipality as a pre-requisite to an appeal to the county or district court. *Id.* § 212.904(b), (c).

[4] The Major Thoroughfare Plan provides the dimensional and functional classifications of roadways and proposed pavement and right-of-way widths for roadways in the City's central business district.

failed to satisfy certain prerequisites to suit, (2) failed to plead a valid regulatory taking claim, (3) failed to plead a waiver of immunity to support a substantive due process violation claim, and (4) failed to plead a waiver of immunity to support a declaratory judgment claim. The City supported its plea with the affidavit of the City Engineer who made the rough proportionality determination; letters between Mockingbird and the City, various plats, plans, and photographs related to the Property; transcripts from the CCP and City Council hearings; and materials submitted to the CCP and City Council. Mockingbird responded to the City's partial plea stating it is not asserting that the City's setback regulation is in and of itself an exaction, but that as applied in this case, in combination with the required dedication pursuant to the Major Thoroughfare Plan, an exaction occurred.[5] In support of its response, Mockingbird submitted the declarations of (1) a principal of Mockingbird, establishing Mockingbird applied for a re-plat, the City conditionally approved its application, and that the recorded plat reflects the fee simple dedication of the 10-foot right-of-way that was submitted under protest, (2) the real estate appraiser who performed the appraisal that Mockingbird submitted in the underlying administrative proceedings proving up his appraisal report, (3) the licensed professional engineer Mockingbird hired to testify in the underlying administrative proceedings, proving up his rough proportionality determination that the development project's use as an emergency medical facility will not have an impact on the infrastructure and that the right-of-way dedication is not related to the impact of the proposed development, and (4) Mockingbird's attorney, proving up correspondence between Mockingbird and the City.

---

[5] More particularly, Mockingbird claimed that applying the setback requirement to the improper dedication of the 10 foot right-of-way resulted in damages to Mockingbird. The City contends that the setback would be measured from the same point with or without the dedication due to the thoroughfare plan requirements. Whether the required dedication actually impacts where the setback is measured may be a fact question on the issue of damages, and does not impact our consideration of subject-matter jurisdiction.

The trial court held a hearing on the City's partial plea to the jurisdiction.[6] At that hearing, Mockingbird once again represented that it was not complaining about the setback itself, but, rather, that the dedication of 10 feet of property impacted the setback.[7] In response to the City's contention that any complaints about the setback are not ripe until and unless a variance is sought and rejected, Mockingbird explained that it did not want a variance because the setback serves an important purpose and Mockingbird would not want to have its building next to the Major Thoroughfare Plan line, as Mockingbird Lane could be expanded to that line to allow for additional traffic flow. The trial court granted the City's plea to the jurisdiction as to Mockingbird's declaratory-judgment claim and denied the City's plea as to Mockingbird's remaining claims.[8] This appeal followed.[9]

## DISCUSSION

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject-matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000), *overruled on other grounds*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). The existence of subject-matter jurisdiction is a question of law; thus, we review de novo the trial judge's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Generally, a plea to the jurisdiction may challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *City of Dallas v. East Vill. Ass'n*, 480 S.W.3d 37, 42 (Tex. App.—Dallas 2015, pet. denied). When the

---

[6] The hearing also addressed Mockingbird's motion for summary judgment. However, the trial court's ruling on Mockingbird's motion for summary judgment is not contained in the record on appeal and is not the subject of an issue presented in this appeal.

[7] Mockingbird complains about the 10-foot right-of-way that the City required Mockingbird to dedicate over and above the ordinary 15-foot setback.

[8] The trial court signed the proposed order presented by the City. The order denies the City's requests that the trial court find it does not have subject-matter jurisdiction over Mockingbird's causes of action (1) pursuant to section 212.904, (2) for violation of substantive due process, (3) for a regulatory taking under Article I, Section 17 of the Texas Constitution, and (4) for common-law exaction *as to the City's setback regulations*.

[9] The City's appeal caused the underlying proceeding to be stayed until the resolution of this appeal.

plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When the plea appropriately challenges jurisdictional facts, we consider evidence submitted by the parties. *Bland*, 34 S.W.3d at 555. In performing our review, we confine our review to the evidence that is relevant to the jurisdictional issue, and we do not look to the merits of the claimant's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *Consumer Serv. All. of Tex., Inc. v. City of Dallas*, 433 S.W.3d 796, 802 (Tex. App.—Dallas 2014, no pet.). If the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). This standard mirrors our review of summary judgments. *Id.*

In this case, the City has seized onto Mockingbird's statements in paragraphs 20 and 24 of its first amended petition, which was the live pleading at the time the trial court considered and ruled on the City's partial plea, that "[d]efendant's setback requirement is an arbitrary, capricious, and unreasonable regulation and a violation of Plaintiff's substantive due process rights resulting in an illegal exaction," and that "[f]urther, the City's measurement of setbacks from the Major Thoroughfare Plan line, is, itself an exaction," to urge Mockingbird is asserting an exaction in connection with a zoning requirement, separate and apart from its complaint about the compelled dedication. The City then goes on to assert that this complaint is not ripe because Mockingbird did not satisfy what it characterizes as the pre-requisites of section 212.904, and cannot show the City rejected a development plan and denied a request for a variance from the setback regulation. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 929 (Tex. 1998) (holding challenge to application of land-use regulation to particular parcel generally requires rejected development plan

and denial of variance or futility of variance request). For the reasons set forth herein, the City's assertions are unavailing.

To the extent Mockingbird's pleadings can be read to assert a free-standing-takings claim as to the setback requirement, Mockingbird has not satisfied the pre-requisites for such a claim. But Mockingbird recognizes that its pleadings concerning the setback requirement are not a model of clarity, and has explained and represented, both to the trial court and this Court, that it is not claiming the setback requirement is itself an exaction, but rather, that when the requirement is applied, after requiring the 10-foot dedication, which Mockingbird made, a setback of 25 feet, instead of 15 feet, resulted. With this interpretation of the pleadings, Mockingbird's complaint about the setback requirement may factor into the just compensation prong of its takings claim concerning the dedication.[10] *See City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 242 (Tex. 2011).[11]

That said, the City appears to under-appreciate its posture here. The demand and transfer of title are already complete, triggering the constitutional obligation to justify the exaction under *Nollan* and *Dolan*. *See Dolan*, 512 U.S. 374; *Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987). The possibility that Mockingbird might, at some future point, seek a variance to permit its structure to be built up to the edge of the potential roadway, and that the City might approve it, does not render the current posture unripe. The City did not simply put a limitation on the use Mockingbird might make of its property, it required that Mockingbird deed a portion of its property to the City. Then, in addition, it imposed a 15 foot setback requirement from what effectively became the new property line.

---

[10] We offer no opinion at this juncture as to whether the setback requirement may be considered in reaching a determination of just compensation for the 10 foot dedication.

[11] There are three prongs to a takings case (1) the existence of a property interest, (2) the taking by a governmental entity, and (3) the requirement of just compensation. *Id.* Mockingbird's complaint concerning the setback relates to the third prong.

We will now turn to the City's statutory issue urging Mockingbird cannot immediately complain about the setback impact because it cannot demonstrate that it satisfied the jurisdictional prerequisite to suit under section 212.904 of the local government code. Statutory prerequisites to suit against a government are jurisdictional requirements. TEX. GOV'T CODE ANN. § 311.034; *Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 929 (Tex. App.—Dallas 2013, no pet.).

Section 212.904 of the local government code establishes a procedure for the apportionment of municipal infrastructure costs. LOC. GOV'T § 212.904. Section 212.904 provides, in part:

(a) If a municipality requires as a condition of approval for a property development project that the developer bear a portion of the costs of municipal infrastructure improvements by the making of dedications, the payment of fees, or the payment of construction costs, the developer's portion of the costs may not exceed the amount required for infrastructure improvements that are roughly proportionate to the proposed development as approved by a professional engineer who holds a license issued under Chapter 1001, Occupations Code, and is retained by the municipality.

(b) A developer who disputes the determination made under Subsection (a) may appeal to the governing body of the municipality. . . . After hearing any testimony and reviewing the evidence, the governing body shall make the applicable determination within 30 days following the final submission of any testimony or evidence by the developer.

(c) A developer may appeal the determination of the governing body to a county or district court of the county in which the development project is located within 30 days of the final determination by the governing body.

*Id.* § 212.904(a), (b), (c).

The City concedes that Mockingbird satisfied these requirements as to its complaint about the required 10-foot dedication. Likewise, Mockingbird's pleadings and the evidence presented in connection with the City's plea support a finding Mockingbird satisfied the section 212.904 requirements as to the dedication. The City contends that in addition to presenting its complaint about the 10-foot dedication, Mockingbird was required to present its complaints about the setback through the section 212.904 process prior to bringing suit. We need not determine whether a

complaint about a zoning requirement is a "dedication" that would subject a complaint concerning same to the requirements of section 212.904 because the setback requirement potentially relates to the just compensation prong of Mockingbird's dedication takings claim, which everyone concedes is properly before the trial court. Accordingly, we overrule the City's second issue.

In its third issue, the City claims there is no subject-matter jurisdiction for Mockingbird's claim regarding the setback requirement because Mockingbird cannot demonstrate that any exaction, taking, or substantive due-process claims are ripe for review. Ripeness is an element of subject-matter jurisdiction. *Mayhew*, 964 S.W.2d at 928. We review the evidence concerning the ripeness of Mockingbird's claims in the light most favorable to Mockingbird, as prescribed by the supreme court in *Miranda*, 133 S.W.3d at 227–28.

Generally, a challenge to the application of a land-use regulation to a particular parcel requires a rejected development plan and a denial of a variance, or a showing that it would be futile to request a variance. *Mayhew*, 964 S.W.2d at 929. To the extent Mockingbird seeks to allege the setback requirement alone is an exaction, it has not shown the City rejected a plan and denied a variance, or that requesting a variance would be futile. Mockingbird has represented to the trial court and this Court that it is not seeking to be compensated for a taking due to the application of the setback requirement itself and the trial court has jurisdiction over Mockingbird's 10-foot dedication claim and the application of the setback requirement post-dedication may be a consideration in determining the issue of just compensation. We overrule the City's third issue.

In its fourth issue, the City claims Mockingbird has not, and cannot, plead a valid constitutional waiver of immunity from Mockingbird's claims related to the setback requirement because the City did not condition approval of Mockingbird's plat on the setback placement and Mockingbird has not alleged that the City does not have a legitimate governmental interest in its setback regulation applied to the Property. *Mayhew*, 964 S.W.2d at 938; *Town of Flower Mound*

*v. Stafford Estates Ltd. P'ship*, 71 S.W.3d 18, 30 (Tex. App.—Fort Worth 2002), *aff'd*, 135 S.W.3d 620 (Tex. 2004). Mockingbird pleaded a constitutional-takings claim by complaining the City required it to dedicate a 10-foot section of the Property as a condition to approving Mockingbird's re-plat request. The fact that the City did not condition approval of Mockingbird's plat on the setback placement does not preclude a claim for the exaction of the 10-foot right-of-way and possibly the consideration of the application of the setback requirement in determining the extent of Mockingbird's damages. We overrule the City's fourth issue.

Because a liberal reading of the pleadings and the relevant evidence presented in connection with the City's partial plea establish the trial court has jurisdiction over Mockingbird's claims concerning the 10-foot dedication, we overrule the City's first issue broadly claiming the trial court erred in denying its partial plea to the jurisdiction.

## CONCLUSION

Because Mockingbird has clarified that its reference to the setback requirement relates to the damages it claims it has suffered as a result of the required dedication, the reference to the setback regulations in the order on the City's partial plea to the jurisdiction is superfluous. *See Naik v. Naik*, 438 S.W.3d 166, 174 n.3 (Tex. App.—Dallas 2014, no pet.). Accordingly, we modify the trial court's order denying the City's partial plea to delete the reference to setback regulations. TEX. R. APP. P. 43.2(b). As modified, we affirm the trial court's order.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

180328F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE CITY OF DALLAS, Appellant

No. 05-18-00328-CV     V.

6101 MOCKINGBIRD, LLC, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-15-06071-E.
Opinion delivered by Justice Schenck.
Justices Bridges and Pedersen, III participating.

In accordance with this Court's opinion of this date, the order of the trial court on the City's partial plea to the jurisdiction is **MODIFIED** as follows:

to delete the reference to setback regulations.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee 6101 MOCKINGBIRD, LLC recover its costs of this appeal from appellant THE CITY OF DALLAS.

Judgment entered this 23rd day of July, 2019.