Opinion issued May 9, 2023



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00357-CV

_____

### SIX BROTHERS CONCRETE PUMPING, LLC, Appellant

### V.

### TEXAS WORKFORCE COMMISSION AND MARTIN TOMCZAK, Appellees

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-48218**

---

# O P I N I O N

Six Brothers Concrete Pumping, LLC, appeals the trial court's order granting the Texas Workforce Commission's plea to the jurisdiction. Six Brothers contends that, although it failed to comply with a mandatory venue requirement, the

requirement is not a jurisdictional bar to suit, and the commission waived any objections to improper venue. In this issue of first impression, we conclude the mandatory venue requirement in Chapter 61 of the Labor Code is a statutory prerequisite to suit, making failure to adhere to it a jurisdictional bar to suit. Therefore, we affirm the trial court's order granting the commission's plea to the jurisdiction and dismissing the suit.

## BACKGROUND

The relevant facts are simple and undisputed. Martin Tomczak, a former employee of Six Brothers, filed a wage claim with the commission against Six Brothers under Chapter 61 of the Labor Code. The commission found Six Brothers owed Tomczak $1,000 in unpaid wages. Six Brothers challenged the commission's finding by filing suit against Tomczak and the commission in district court in Harris County.

After the suit had been pending for about six months, the commission filed a plea to the jurisdiction, claiming that Chapter 61 imposed mandatory venue in the county where Tomczak resided, which was Montgomery County. The commission argued that because the mandatory venue requirement had not been satisfied, the district court lacked jurisdiction to hear the case. Six Brothers argued that the mandatory venue requirement was not jurisdictional, and the commission waived its objection to improper venue by answering without objection. The district court

2

agreed with the commission and granted its plea to the jurisdiction, dismissing the case. Six Brothers now appeals.

It is undisputed that Six Brothers filed suit in a venue other than the venue mandated by statute; the only dispute is whether the commission waived its objection to the improper venue or whether, in this suit against a governmental entity, venue is a statutory prerequisite that implicates the court's jurisdiction and may be raised at any time.

## STANDARD OF REVIEW

Sovereign immunity generally bars suits against the state and its agencies unless the state consents to suit and waives its immunity. *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012). A claim of immunity implicates a court's subject-matter jurisdiction and is properly raised by a plea to the jurisdiction. *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 751 (Tex. 2017); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Subject-matter jurisdiction is an issue that cannot be waived by the parties and may be raised at any time. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Whether a court has subject-matter jurisdiction is a question of law, and accordingly we review a trial court's ruling on a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 226, 228.

# APPLICABLE LAW

## *Wage Claims*

Chapter 61 of the Labor Code governs the payment of wages to employees in this state. TEX. LAB. CODE §§ 61.001–.095. If an employee is not paid in accordance with that chapter, the employee may file a wage claim with the commission. *Id.* § 61.051. After exhausting administrative remedies within the commission, either the employee—the wage claimant—or the employer may bring suit to appeal the commission's order. *Id.* § 61.062(a). The suit must be filed within 30 days of the date the commission's order is mailed and must name the commission as a defendant. *Id.* § 61.062(b), (c). Section 61.062(d) of the Labor Code establishes a mandatory venue for the suit: "The suit must be brought in the county of the [wage] claimant's residence." *Id.* § 61.062(d).

Section 61.062 of the Labor Code waives the commission's sovereign immunity to suit, but it is a limited waiver; a party can bring suit against the commission under that section if the party strictly satisfies the procedural requirements outlined in that section. *See Chatha*, 381 S.W.3d at 513–14 (discussing Chapter 21 of Labor Code).

## *Statutory Prerequisites in Suits against Government*

We defer to the legislature to waive sovereign immunity, and any waiver must be "clear and unambiguous." TEX. GOV'T CODE § 311.034; *Tooke v. City of Mexia*,

197 S.W.3d 325, 332–33 (Tex. 2006). Following the Supreme Court's decision in

*University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser*, 140

S.W.3d 351, 354 (Tex. 2004), holding the plaintiff's failure to comply with a

statutory pre-suit notice requirement in a suit against a governmental entity did not

deprive the trial court of jurisdiction, the legislature in 2005 added a final sentence

to Section 311.034 of the Government Code, legislatively overruling the Court's

holding. The final sentence of Section 311.034 provides:

> Statutory prerequisites to a suit, including the provision of notice, are
> jurisdictional requirements in all suits against a governmental entity.

TEX. GOV'T CODE § 311.034. Thus, following the legislature's enactment of this

final sentence of Section 311.034, when a statutory prerequisite to suit is not met in

a suit against a governmental entity, the suit must be dismissed for lack of

jurisdiction. *See id.*; *Chatha*, 381 S.W.3d at 515–16 (dismissing suit against

governmental entity because plaintiff failed to meet statutory prerequisite).

The Texas Supreme Court defined "statutory prerequisite" for the purpose of

applying the final sentence of Section 311.034. *See Chatha*, 381 S.W.3d at 511–12.

A statutory prerequisite is a requirement that: (1) is found in the relevant statute; (2)

is required by the relevant statute; and (3) must be met before the suit is filed. *Id.*

The Court applied this definition in *Chatha* to conclude that a 180-day filing

deadline for discrimination suits was a statutory prerequisite, and the plaintiff who

failed to meet that deadline must have her claim dismissed for lack of jurisdiction.

5

*Id.* at 513–14. "[A] statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Id.* at 515.

*Venue*

Venue is the "geographic location within the forum where [a] case may be tried." *In re Fox River Real Est. Holdings, Inc.*, 596 S.W.3d 759, 762 (Tex. 2020) (orig. proceeding) (alteration in original) (quoting *Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731, 734 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)). Venue is not synonymous with subject-matter jurisdiction. *Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Venue typically refers to the county in which a suit may be tried, whereas subject-matter jurisdiction refers to a court's power to hear a particular type of suit. *Id.* at 382–83. Generally, venue is not jurisdictional. *See Brown v. Owens*, 674 S.W.2d 748, 751 (Tex. 1984) (filing suit in improper venue did not deprive court of jurisdiction). Venue, even mandatory venue requirements, can be waived "if not challenged in due order and on a timely basis." *Gordon*, 196 S.W.3d at 383. We presume in most cases the legislature did not intend to make any statutory requirement jurisdictional, favoring instead the finality of judgments and reducing their vulnerability to later challenges. *City of DeSoto v. White*, 288 S.W.3d 389, 393–94 (Tex. 2009); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). Because venue is generally not a

jurisdictional requirement, if a plaintiff files suit in an improper venue, the defendant may usually move to transfer venue. *See* TEX. CIV. PRAC. & REM. CODE § 15.063 (court, on party's motion, shall transfer action to proper venue if filed in improper venue); TEX. R. CIV. P. 86 (motion to transfer venue).

The question in this case is whether the mandatory venue requirement in Section 61.062(d) of the Labor Code is a statutory prerequisite to suit against a governmental entity such that, if the requirement is not met when suit is filed, it deprives the trial court of subject-matter jurisdiction.

## DISCUSSION

In a single issue on appeal, Six Brothers argues the trial court erred in granting the commission's plea to the jurisdiction because venue generally is not a statutory prerequisite implicating jurisdiction and because the commission waived any objection to the improper venue.

Six Brothers cites *Kshatrya v. Texas Workforce Commission*, which held that the mandatory venue requirement in Section 61.062(d) of the Labor Code was not a jurisdictional requirement. 97 S.W.3d 825, 831 (Tex. App.—Dallas 2003, no pet.). However, *Kshatrya* was decided before the legislature enacted the final sentence of Section 311.034 of the Government Code, which makes all statutory prerequisites to suit against a governmental entity jurisdictional. TEX. GOV'T CODE § 311.034. Although the *Kshatrya* court concluded "there is nothing in the statutory language

7

suggesting [Section 61.062(d)] is a jurisdictional prerequisite," *Kshatrya*, 97 S.W.3d at 831, the court could not consider whether the mandatory venue requirement is a statutory prerequisite within the meaning of the final sentence of Section 311.034 because the legislature had not enacted the final sentence at that time.[1] *Kshatrya* does not answer the question in this case: whether Section 61.062(d)'s mandatory venue requirement is a statutory prerequisite to suit within the meaning of Section 311.034.

The commission, on the other hand, cites *Landbase, Inc. v. Texas Employment Commission*, an opinion that predates both *Kshatrya* and the enactment of the final sentence of Section 311.034. 885 S.W.2d 499 (Tex. App.—San Antonio 1994, writ denied). *Landbase* held that the mandatory venue requirement in Section 61.062(d) of the Labor Code was a jurisdictional requirement. *Id.* at 501. As with *Kshatrya*, however, this case does not apply the final sentence of Section 311.034 of the Government Code because it was decided before the legislature added that sentence,

---

[1] Additionally, the *Kshatrya* court's holding was also based on a factor the Supreme Court has since indicated should not be considered in determining whether a statutory requirement is jurisdictional. The *Kshatrya* court wrote: "If the statutory requirement defines, enlarges, or restricts the class of causes the court may decide or the relief the court may award, the requirement is jurisdictional." *Kshatrya*, 97 S.W.3d at 830–31 (citing *Sierra Club v. Tex. Nat. Res. Conservation Comm'n*, 26 S.W.3d 684, 688 (Tex. App.—Austin 2000), *aff'd on other grounds*, 70 S.W.3d 809 (Tex. 2002)). But the Supreme Court has since declined to consider this factor. *Tex. Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284, 290 (Tex. 2019) ("Other courts of appeals, including the court in this case, have followed *Sierra Club* and recognized this as a consideration when determining whether a statutory requirement is jurisdictional. However, we decline to consider factors other than those set out in our precedent." (citations omitted)).

and further, this case relies on a precedent the Supreme Court has explicitly overruled. The court in *Landbase* explained that when a cause of action is created by statute, rather than the common law, the parties must strictly comply with all statutory requirements or else the court lacks jurisdiction. *Id.* (citing *Mingus v. Wadley*, 285 S.W. 1084, 1087 (Tex. 1926), *overruled by Kazi*, 12 S.W.3d at 76). But the Supreme Court overruled the precedent establishing this rationale. *Kazi*, 12 S.W.3d at 76 ("We therefore overrule *Mingus* to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional."). Because *Landbase* was decided before the legislature enacted the final sentence of Section 311.034 of the Government Code and relies on an outdated rationale, *Landbase* also does not resolve the question in the present case: whether the mandatory venue requirement in Section 61.062(d) of the Labor Code is a statutory prerequisite to suit within the meaning of Section 311.034.

As neither case cited by the parties directly answers the question in this case, we turn to the factors the Supreme Court laid out in *Chatha* to determine whether a statutory requirement is a jurisdictional statutory prerequisite in a suit against a governmental entity. A statutory prerequisite is a requirement that: (1) is found in the relevant statute; (2) is required by the relevant statute; and (3) must be met before the suit is filed. *Chatha*, 381 S.W.3d at 511–12. If a requirement is a statutory prerequisite and the suit is against a governmental entity, then the final sentence of

9

Section 311.034 of the Government Code applies to make the statutory prerequisite a jurisdictional requirement. *See id.* at 512; TEX. GOV'T CODE § 311.034.

In this case, the relevant statute provides: "The suit must be brought in the county of the claimant's residence." TEX. LAB. CODE § 61.062(d).

The first two *Chatha* factors are easily satisfied here. The mandatory venue requirement in Section 61.062(d) of the Labor Code is found in the relevant statute and is required by it. *See Chatha*, 381 S.W.3d at 511–12. We must determine whether the third factor is satisfied—whether the mandatory venue requirement must be met before the suit is filed. *See id.* at 512 ("[T]he term 'pre' indicates the requirement must be met before the lawsuit is filed.").

The term "must" in a statute creates a condition precedent. *City of Madisonville v. Sims*, 620 S.W.3d 377, 379 (Tex. 2020) (per curiam); TEX. GOV'T CODE § 311.016(3) (in statutory construction, "'[m]ust' creates or recognizes a condition precedent"). "A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation." *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992) Here, Section 61.062(d)'s mandatory venue requirement, which provides a suit *must* be filed in the county of the claimant's residence, creates a condition precedent to suit, and this condition precedent is a statutory prerequisite. We conclude that Section 61.062(d)'s mandatory venue requirement is a statutory prerequisite to suit.

10

This conclusion is consistent with the Texas Supreme Court's holding in *City of Madisonville v. Sims*, in which the Court reasoned that a statutory requirement that a plaintiff "*must* sue" within 90 days to obtain relief created a condition precedent and thus a jurisdictional prerequisite to suit.[2] 620 S.W.3d at 379.

This conclusion is also consistent with the Austin court of appeals's holding in *Scott v. Presidio Independent School District*, concluding a statutory venue requirement was a statutory prerequisite to suit that could deprive the trial court of jurisdiction under Section 311.034. 266 S.W.3d 531, 535–36 (Tex. App.—Austin 2008), *rev'd on other grounds sub nom. Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927 (Tex. 2010). In *Scott*, the relevant statute allowed a judicial appeal of an administrative decision to be brought in district court in Travis County "if agreed by all parties." *Id.* at 533 (quoting TEX. EDUC. CODE § 21.307(a)(2)). The court noted, and both sides agreed, that the statute was a venue requirement, and, "as a general rule," venue requirements are not jurisdictional. *Id.* at 535–36. But, the court

---

2   This conclusion is also consistent with other cases that have held all statutory requirements to suit, even if typically capable of being satisfied after filing suit, must be satisfied *before* the jurisdictional filing deadline to confer jurisdiction on the court in a suit against a governmental entity. *Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 930 (Tex. App.—Dallas 2013, no pet.) (concluding failure to name necessary defendant before jurisdictional filing deadline deprived trial court of jurisdiction); *accord Richardson v. Tex. Workforce Comm'n*, No. 01-13-00403-CV, 2014 WL 2538621, at *3 (Tex. App.—Houston [1st Dist.] June 5, 2014, pet. denied) (mem. op.) ("The requirement to name all defendants within the 14–day filing deadline is a jurisdictional requirement that [the plaintiff] had to satisfy.").

explained, even though venue requirements generally are not jurisdictional, the mandatory nature of the statute at issue "plainly [made it] a condition that must be satisfied" before a judicial proceeding could be brought in Travis County. *Id.* at 535. As such, it was a statutory prerequisite to suit, and Section 311.034 makes any statutory prerequisite to suit against a government entity jurisdictional. *Id.* at 535–36.

The court in *Scott* also noted that courts have used the term "statutory prerequisite" to include a number of procedural irregularities that are not otherwise considered jurisdictional, and even the Supreme Court used the term "statutory prerequisite" to describe the venue provision at issue in *Mingus*. *Id.* at 536 (citing *Dubai*, 12 S.W.3d at 76). We must presume the legislature was aware the term has acquired this meaning in caselaw, and we must give effect to its intent in using the term in Section 311.034. *Id.* (citing *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990); TEX. GOV'T CODE § 311.011(b)).

In response to the commission's claim that Section 311.034 of the Government Code legislatively overruled *Kshatrya*'s holding, Six Brothers argues that more recent cases have affirmed *Kshatrya*'s holding that the mandatory venue requirement in Section 61.062(d) of the Labor Code is not jurisdictional, citing *Texas Underground, Inc. v. Texas Workforce Commission*, 335 S.W.3d 675 (Tex. App.—Dallas 2011, no pet.). *See id.* at 674 n.1 ("This Court has concluded that subsection

12

(d)'s venue provision is not a jurisdictional requirement." (citing *Kshatrya*, 97 S.W.3d at 832)). Notably, though, *Texas Underground* does not mention Section 311.034 of the Government Code. *Texas Underground* mentions *Kshatrya* in passing[3] but does not address whether the legislature's enactment of the final sentence of Section 311.034 overruled *Kshatrya*'s holding.

Six Brothers also argues venue is not a jurisdictional requirement, citing many cases in support. *See, e.g.*, *Tex. Emps. Ins. Ass'n v. Singleton*, 616 S.W.2d 232, 235 (Tex. App.—San Antonio 1980, writ ref'd n.r.e.) (venue provision not jurisdictional). While that is the general rule, the issue in this case is whether the legislature's enactment of the final sentence of Section 311.034 of the Government Code *makes* a mandatory venue requirement a jurisdictional requirement in suits against a governmental entity, an issue that is not resolved in *Kshatrya* or any of the

---

[3]    We note that the reasoning the *Texas Underground* court followed to reach its conclusion that the statutory requirement at issue was not jurisdictional has been called into question. The *Texas Underground* court relied in part on *Kshatrya* and on the principle that a statute that defines, enlarges, or restricts the class of causes a court may decide is jurisdictional, *Tex. Underground*, 335 S.W.3d at 675, but the Supreme Court later said this is not a factor to consider in deciding whether a statutory requirement is jurisdictional, *see Chicas*, 593 S.W.3d at 290.

Additionally, the *Texas Underground* court concluded the statutory requirement in that case was not jurisdictional in part because "[n]othing in the statutory language suggests this deadline is a jurisdictional prerequisite to suit." *Tex. Underground*, 335 S.W.3d at 675. However, the Supreme Court in *Chatha*, which was decided a year later, rejected the suggestion that the legislature must "specifically articulate in every instance that a plaintiff must comply with a provision or be barred from filing suit," because that would render the final sentence of Section 311.034 meaningless. *Chatha*, 381 S.W.3d at 514.

13

cases Six Brothers cites. *But see Scott*, 266 S.W.3d at 535–36 (concluding mandatory venue provision was jurisdictional statutory prerequisite to suit against governmental entity in light of Section 311.034 despite venue generally not being jurisdictional requirement).

In sum, the mandatory venue requirement in Section 61.062(d) of the Labor Code provides that a suit "must be brought in the county of the claimant's residence." TEX. LAB. CODE § 61.062(d). The term "must" creates a condition precedent, which is a statutory prerequisite to suit. TEX. GOV'T CODE § 311.016(3); *Sims*, 620 S.W.3d at 379. A suit under Section 61.062 is necessarily a suit against a governmental entity because the commission must be named as a defendant. TEX. LAB. CODE § 61.062(c). Therefore, Section 61.062(d)'s mandatory venue requirement is a statutory prerequisite to suit against a governmental entity, so it is a jurisdictional requirement. *See* TEX. GOV'T CODE § 311.034. Failure to adhere to the mandatory venue requirement is a jurisdictional bar to suit. *See Chatha*, 381 S.W.3d at 512.

Applying this conclusion to the facts of this case, the trial court did not err in granting the commission's plea to the jurisdiction. Six Brothers did not comply with Section 61.062(d)'s mandatory venue requirement, which is a jurisdictional bar to suit that cannot be waived and can be raised in a plea to the jurisdiction at any time. *See Shields Bros.*, 514 S.W.3d at 751; *Chatha*, 381 S.W.3d at 512; *Miranda*, 133 S.W.3d at 225–26; *Tex. Ass'n of Bus.*, 852 S.W.2d at 445.

**CONCLUSION**

We affirm the trial court's order granting the commission's plea to the jurisdiction and dismissing the suit.

Gordon Goodman
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.