ACCEPTED
15-25-00087-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/29/2025 4:24 PM
CHRISTOPHER A. PRINE
CLERK

CASE NO. 15-25-00087-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/29/2025 4:24:25 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS

PORT ARTHUR INDEPENDENT SCHOOL DISTRICT,

Appellant,

vs.

DWIGHT WAGNER,

Appellee.

On Appeal from the 58th Judicial District Court of
Jefferson County, Texas
Trial Court Cause No. 24DCCV2154

## APPELLANT PORT ARTHUR ISD'S BRIEF

Marivious Allen
State Bar No. 24126295
mallen@caflawgroup.com
Melody Carrier
State Bar No. 00785096
mcarrier@caflawgroup.com
CARRIER LAW GROUP, P.C.
505 Orleans St., Ste. 505
Beaumont, Texas 77701
Telephone: (409) 833-1119
Facsimile: (409) 271-3690
COUNSEL FOR THE APPELLANT

**ORAL ARGUMENT
REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1, the following is a complete list of all parties to the trial court's order, and the names and addresses of all trial and appellate counsel:

Appellant:                          Port Arthur Independent School District

Trial and Appellate Counsel:        Marivious Allen
                                    Melody Carrier
                                    CARRIER LAW GROUP, P.C.
                                    505 Orleans St., Ste. 505
                                    Beaumont, Texas 77701
                                    mcarrier@caflawgroup.com
                                    mallen@caflawgroup.com


Appellee:                           Dwight Wagner

Trial and Appellate Counsel:        Brandon Monk
                                    The Monk Law Firm
                                    4875 Parker Drive
                                    Beaumont, Texas 77705
                                    brandon@themonklawfirm.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...........................................................2

TABLE OF CONTENTS.....................................................................................3

INDEX OF AUTHORITIES................................................................................4

STATEMENT OF THE CASE..............................................................................6

STATEMENT REGARDING ORAL ARGUMENT ................................................7

ISSUES PRESENTED.........................................................................................8

STATEMENT OF FACTS ...................................................................................9

ARGUMENT ...................................................................................................12

I.  Statement of Jurisdiction........................................................................ 12

II. Standard of Review ............................................................................... 12

III. The Trial Court Erred in Denying Port Arthur ISD's Amended Plea to the Jurisdiction because Wagner Failed to Timely Join the Commissioner of Education....................................................................................................... 13

    A. *The Ordinary Meaning of "Perfect" Supports the Statutory Interpretation that Section 21.307(c) is a Jurisdictional Prerequisite.*...........................14

    B. *Case Precedent Also Supports the Statutory Interpretation that Section 21.307(c) is a Jurisdictional Prerequisite.* ................................................15

IV. The Trial Court Lacks Jurisdiction to Grant Wagner's Declaratory Relief .....21

PRAYER.........................................................................................................23

CERTIFICATE OF COMPLIANCE ...................................................................24

CERTIFICATE OF SERVICE ...........................................................................25

# INDEX OF AUTHORITIES

**Cases**

*Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) ................................18

*Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 835 (Tex. App.—Austin 2003, pet. denied) ..........................................................................................................18

*Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004) .........................................12

*Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007) ................................................................................................. 12, 13

*Kelley v. Tex. Workforce Comm'n*, No. 01-05-01110-CV, 2006 WL 3804451, at *2 (Tex. App.—Houston [1st Dist.] Dec. 28, 2006, pet. denied) .......... 16, 17, 18, 19

*Lambeth v. Tex. Unemp't Comp. Comm'n*, 362 S.W.2d 205, 207 (Tex. Civ. App.— Waco 1962, writ ref'd) .............................................................................. 16, 17

*Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926)................................. 18, 19

*Moses v. Dallas Indep. Sch. Dist.*, 12 S.W.3d 168, 172 (Tex. App.—Dallas 2000, no pet.) ..........................................................................................................20

*Oneal v. Ector County Indep. Sch. Dist.,* 251 S.W.3d 50, 51-52 (Tex. 2008) ........13

*Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 445 (Tex. App.—Austin 2011, no pet.) ..........................................................................................................21

*Prairie View A&M University v. Chata*, 381 S.W.3d 500, 515 (Tex. 2012)...........18

*Stoker v. TWC Com'rs*, 402 S.W.3d 926, 930 (Tex. App.—Dallas 2013, no pet.) 16, 17, 18, 19

*Tex. Educ. Agency v. Donna Indep. Sch. Dist.*, 221 S.W.3d 791 (Tex. App.—Corpus Christi–Edinburg 2007, no pet.) ........................................................................14

*Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001) ................................................................................................................13

*Texas General Land Office v. Crystal Clear Water Supply Corp.*, 449 S.W.3d 130, 142-43 (Tex. App.—Austin 2014, pet. denied)..................................................22

*Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970)....................................................................................................................21

**Statutes**

Tex. Civ. Prac. Rem. Code § 51.014 .......................................................................12

Tex. Educ. Code § 21.207.........................................................................................9

Tex. Educ. Code § 21.209.......................................................................................13

Tex. Educ. Code § 21.3041......................................................................................10

Tex. Educ. Code § 21.307........................................... 11, 13, 14, 15, 16, 19, 20, 22

Tex. Lab. Code § 212.201....................................................... 16, 17, 19, 20

**Other Authorities**

*Perfect*, Black's Law Dictionary (12th ed. 2024) .....................................................15

*Perfect, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/perfect* (last visited May 26, 2025)...............................14

*Perfection of Appeal*, Black's Law Dictionary (2nd ed. 1910)................................15

## STATEMENT OF THE CASE

*Nature of the Case*:     This case is an interlocutory appeal of the trial court's denial of Appellant Port Arthur Independent School District's ("Port Arthur ISD") Amended Plea to the Jurisdiction.

*Course of Proceedings*:     On March 20, 2025, the trial court denied PAISD's Plea with regard to all claims and requested relief. The proceedings of the trial court have been stayed until this interlocutory appeal has been disposed.

*Trial Court*:     58th Judicial District Court of Jefferson County, Judge Kent Walston presiding.
Case No.: 24DCCV2154

*Trial Court's Disposition*:     Port Arthur ISD's Amended Plea to the Jurisdiction Denied

**STATEMENT REGARDING ORAL ARGUMENT**

Port Arthur ISD respectfully requests that oral argument be permitted in this case to assist the Court in review of the decision of the 58th District Court of Jefferson County, which pertains to the nuances of the Texas Education Code and jurisdictional prerequisites related to administrative appeals of agency orders.

## ISSUES PRESENTED

1.  Whether Texas Education Code Section 21.307 required Wagner to join the Commissioner of Education within the 30-day timeframe, and if so, whether the requirement is a jurisdictional prerequisite.

2.  Whether the trial court has subject-matter jurisdiction to grant Wagner declaratory relief where the Texas Education Code provides the exclusive remedy for judicial review.

**STATEMENT OF FACTS**

Wagner was employed by Port Arthur ISD for the 2023-2024 school year under a one-year term contract. (Supplemental CR at p. 69-70). On March 28, 2024, the Port Arthur ISD Board of Trustees approved the Superintendent's proposed nonrenewal of Wagner's contract. (Supplemental CR at p. 63). Wagner requested a hearing before an independent hearing examiner in accordance with Texas Education Code 21.207. (Supplemental CR at p. 3098). Tex. Educ. Code § 21.207. On June 4, 2024, a hearing was held with the hearing examiner, Stephen Townsend, and he issued a decision finding that Port Arthur ISD's nonrenewal of Wagner's contract was not made arbitrarily or unlawfully, and recommended that the Board uphold the Superintendent's proposal to nonrenew Wagner's contract. (Supplemental CR at p. 3222). On July 25, 2024, a public hearing was held at the school board meeting and the Board of Trustees adopted the hearing examiner's recommendation and findings of facts and conclusions of law. (Supplemental CR at p. 3237, 3242).

On August 13, 2024, Wagner appealed the decision to the Commissioner of Education under Tex. Educ. Code §§21.301, *et seq.* (Supplemental CR at p. 3). On October 1, 2024, the Commissioner of Education denied Wagner's appeal and upheld Port Arthur ISD's decision. (Supplemental CR at p. 3281). On October 18, 2024, Wagner filed a request for rehearing, which was denied by operation of law

on November 15, 2024. *See* Tex. Educ. Code § 21.3041(c). (Supplemental CR at p. 3290).

On October 30, 2024, Wagner filed his Original Petition against Port Arthur ISD, seeking judicial review of the Commissioner's decision and also requesting declaratory relief. (CR at p. 4). On November 25, 2024, Port Arthur ISD filed its Original Answer. On December 30, 2024, Port Arthur ISD filed its Original Plea to the Jurisdiction and Motion to Dismiss. *See* Appendix ("Appx.") at Exhibit 3. The Plea to the Jurisdiction asserted that Wagner's failure to perfect his judicial appeal, by not adding the Commissioner of Education as a party to the lawsuit by December 16, 2024 (30 days after the denial of the Request for Rehearing), deprived the trial court of jurisdiction. *Id*. The Plea to the Jurisdiction further asserted the trial court did not have jurisdiction to grant declaratory relief since the Texas Education Code provides the exclusive statutory remedy for reviewing the Commissioner's decision. *Id*.

On March 6, 2025, Wagner filed his First Amended Petition, adding the Commissioner of Education, Mike Morath, as a party to the suit. (CR at p. 8). On March 17, 2025, Port Arthur ISD filed its Amended Plea to the Jurisdiction.[1] *See*

---

[1] Port Arthur ISD's Amended Plea to the Jurisdiction, filed March 17, 2025, was inadvertently omitted from the Clerk's Record. Pursuant to Texas Rule of Appellate Procedure 34.5(c), Appellant Port Arthur ISD has requested the trial court clerk to file a Supplemental Clerk's Record. A Notice of Supplemental Clerk's Record Request has also been filed with this Court. For the Court's convenience, a copy of the Amended Plea is included as Appendix, Exhibit 4 to this Brief.

Appx. at Exhibit 4. The Amended Plea to the Jurisdiction asserted that despite Wagner's joinder of the Commissioner, the Court was still deprived of jurisdiction since the deadline to perfect the appeal was on December 16, 2024. *Id*. On March 20, 2025, a hearing was held on Port Arthur ISD's Amended Plea to the Jurisdiction, and the Court denied the plea. (RR at p. 1-9). This appeal arises from the trial court's Order denying Port Arthur ISD's Amended Plea to the Jurisdiction. (CR at p. 26).

## SUMMARY OF THE ARGUMENT

The trial court erred in denying Port Arthur ISD's Amended Plea to the Jurisdiction. Although Wagner filed his original petition within the statutory thirty-day period, he failed to perfect his appeal because he did not join the Commissioner of Education as a party until he filed his amended petition, well after the deadline. Statutory interpretation and administrative appeal jurisprudence make clear that both the filing of the petition and the joinder all necessary parties must occur within the 30-day timeframe prescribed by Section 21.307 of the Texas Education Code. Tex. Educ. Code § 21.307. Wagner's failure to timely join the Commissioner is a jurisdictional defect that cannot be cured by amendment, depriving the trial court of subject matter jurisdiction.

Moreover, the trial court lacks jurisdiction to grant Wagner declaratory relief. Where a statute provides an exclusive avenue for judicial review of an agency decision, a declaratory judgment cannot be used to seek redundant or broader

remedies. Texas Education Code Chapter 21 provides the exclusive means to challenge the Commissioner's decision regarding the nonrenewal of a term contract. Wagner's request for declaratory relief attempts to circumvent this framework and relitigate matters already reviewed and disposed by the Commissioner.

Therefore, the trial court lacked subject matter jurisdiction and erred by not granting Port Arthur ISD's Amended Plea to the Jurisdiction.

## ARGUMENT

### I. Statement of Jurisdiction

Port Arthur ISD asserts that this Court has appellate jurisdiction to determine whether the trial court improperly exercised its subject matter jurisdiction. Specifically, this Court's appellate jurisdiction arises under Texas Civil Practice and Remedies Code Section 51.014. *See* Tex. Civ. Prac. Rem. Code § 51.014(a)(8) ("A person may appeal from an interlocutory order of a district court . . . that . . . grants or denies a plea to the jurisdiction by a governmental unit").

### II. Standard of Review

The standard of review for an appellate court when examining a trial court's ruling on a plea to the jurisdiction is *de novo*. *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007) (citing *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004)). "When reviewing such an order, '[appellate courts] consider the facts alleged by the Plaintiff and, to the extent it is relevant to the

jurisdictional issue, the evidence submitted by the parties.'" *Id*. (quoting *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)).

**III.    The Trial Court Erred in Denying Port Arthur ISD's Amended Plea to the Jurisdiction because Wagner Failed to Timely Join the Commissioner of Education**

Texas Education Code Section 21.209 grants exclusive jurisdiction to the Texas Commissioner of Education over appeals from decisions by boards of trustees regarding term contract nonrenewals. Tex. Educ. Code § 21.209; *Oneal v. Ector County Indep. Sch. Dist.,* 251 S.W.3d 50, 51-52 (Tex. 2008). If a party is dissatisfied with the Commissioner's decision, they may appeal it "[t]o (1) a district court in the county in which the district's central administrative offices are located or (2) if agreed by all parties, a district court in Travis County." Tex. Educ. Code § 21.307(a) (alteration added). An appeal under Section 21.307 "must be perfected not later than the 30th day" after either the Commissioner's decision or denial of a rehearing request. Tex. Educ. Code § 21.307(b). Section 21.307 also requires that "the commissioner and each party to the appeal to the commissioner must be made a party to an appeal under this section." Tex. Educ. Code § 21.307(c). Thus, in order to perfect an appeal under Section 21.307, the commissioner and each necessary party must be joined to the lawsuit before the 30-day deadline expires. Tex. Educ. Code § 21.307(b)-(c). Therefore, failure to satisfy these requirements deprives the court of jurisdiction.

**A.** ***The Ordinary Meaning of "Perfect" Supports the Statutory Interpretation that Section 21.307(c) is a Jurisdictional Prerequisite.***

The Thirteenth Court of Appeals previously considered the question of when a judicial appeal is perfected under Section 21.307, however the court's analysis was limited to the issue of service to the Commissioner, not the mandatory joinder of the Commissioner. *Tex. Educ. Agency v. Donna Indep. Sch. Dist*., 221 S.W.3d 791 (Tex. App.—Corpus Christi–Edinburg 2007, no pet.) (the commissioner and aggrieved employee were both made parties to the appeal before the 30-day deadline as required by Section 21.307(b)-(c)); Tex. Educ Code § 21.307. Thus, the question now before this Court is not "whether the legislature intended the word 'perfect' to include service of citation," but instead whether the legislature intended the word "perfect" to include making the commissioner as a party to the appeal before the 30-day deadline. *Id*. at 795. Like in *Donna*, this Court must also look to the ordinary meaning of "perfect" since the statute fails to define it.

The ordinary meaning of "perfect" supports the interpretation that all statutory requirements must be fulfilled within the prescribed timeframe to invoke the court's jurisdiction under Section 21.307. Tex. Educ. Code § 21.307. Merriam-Webster defines "perfect" as "being entirely without fault or defect" and "satisfying all requirements." *Perfect, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/perfect* (last visited May 26, 2025). Black's Law Dictionary similarly defines "perfect" as "[t]o take all legal steps needed to complete, secure,

or record." *Perfect*, Black's Law Dictionary (12th ed. 2024). Within context of an appeal, "perfection" means "when a person has completed all of the things needed to appeal a case." *Perfection of Appeal*, Black's Law Dictionary (2nd ed. 1910).

While Wagner may argue that Section 21.307 does not explicitly state that the Commissioner must be joined within the 30-day period, standard principles of statutory construction require subsections (a), (b), and (c) to be read together to determine when an appeal is perfected, especially considering that subsection (d) addresses the effects of perfecting an appeal. Tex. Educ. Code § 21.307.

Thus, to perfect an appeal under Sec. 21.307, Wagner was required to complete two legal steps within the 30-day time period: (1) appeal the commissioner's decision in a Jefferson County district court, or, if agreed by all parties, a Travis County district court; and (2) make the Commissioner and Port Arthur ISD parties to the appeal. *See* Tex. Educ. Code § 21.307(a)-(c). Wagner only completed the first step. Wagner made the Commissioner a party to the appeal on March 6, 2025, 3 months after the deadline of December 16, 2024. (CR at p. 8). Therefore, Wagner did not satisfy all requirements to "perfect" his appeal and invoke the court's jurisdiction under Section 21.307. Tex. Educ. Code § 21.307.

**B.** *Case Precedent Also Supports the Statutory Interpretation that Section 21.307(c) is a Jurisdictional Prerequisite.*

Since the perfection of an appeal requires a plaintiff to satisfy the requirements outlined in Section 21.307(a)-(c), administrative appeals jurisprudence considers

these requirements as jurisdictional prerequisites. Tex. Educ. Code § 21.307(a)-(c). Thus, failure to join the Commissioner before the 30-day deadline is an uncurable defect, requiring dismissal for lack of jurisdiction.

Plaintiff's interpretation, which allows indefinite delays in joining necessary parties, introduces substantial procedural uncertainty, prejudices both the Commissioner and the other required party to the appeal, and undermines the Legislature's clear intent for structured and expeditious judicial review. Texas courts have consistently held that statutory joinder requirements in administrative appeals are jurisdictional, not procedural, and cannot be remedied after the statutory deadline. *See Lambeth v. Tex. Unemp't Comp. Comm'n*, 362 S.W.2d 205, 207 (Tex. Civ. App.—Waco 1962, writ ref'd); *Kelley v. Tex. Workforce Comm'n*, No. 01-05-01110-CV, 2006 WL 3804451, at *2 (Tex. App.—Houston [1st Dist.] Dec. 28, 2006, pet. denied); *Stoker v. TWC Com'rs*, 402 S.W.3d 926, 930 (Tex. App.—Dallas 2013, no pet.).

*Lambeth*, *Kelley*, and *Stoker* are analogous to this present case, the only difference being the statute, Texas Labor Code Section 212.201, however even the statute is similarly structured to Texas Education Code 21.307. *Id*.; Tex. Lab. Code § 212.201, Tex. Educ. Code § 21.307. Section 212.201 of the Texas Labor Code states the following:

> (a) A party aggrieved by a final decision of the commission may obtain judicial review of the decision by

> bringing an action in a court of competent jurisdiction for review of the decision against the commission on or after the date on which the decision is final, and not later than the 14th day after that date.
>
> (b) Each other party to the proceeding before the commission must be made a defendant in an action under this subchapter.

Tex. Lab. Code § 212.201.[2]

In these three cases, the plaintiffs filed suit in the appropriate jurisdiction and sought judicial review of the commission's decision, however they only named the Texas Workforce Commission as a defendant. *Lambeth*, 362 S.W.2d at 206; *Kelley*, 2006 WL 3804451, at *1; *Stoker*, 402 S.W.3d at 928. After the 14th day deadline passed, the plaintiffs amended their petition and added their employers. *Id.* The defendants filed a plea to the jurisdiction, arguing that the plaintiff's failure to timely join the employer was a jurisdictional defect that could not be cured by an amended petition after the deadline had passed. *Id.* However, unlike our trial court, the pleas of jurisdiction were granted, and the cases were dismissed. *Id.* The plaintiffs appealed the trial court's decision. *Id.* The appellate courts all affirmed the trial courts' decision, concluding that the time limit to join the necessary parties was a jurisdictional prerequisite. *Lambeth*, 362 S.W.2d at 207; *Kelley*, 2006 WL 3804451, at *3; *Stoker*, 402 S.W.3d at 930.

---

[2] As discussed in *Stoker* in reference to the court's analysis in *Lambeth*, the predecessor to this statute had a 10-day deadline, but it otherwise substantively identical to Texas Labor Code Section 212.201. *Stoker*, 402 S.W.3d at 929.

However, in light of the Texas Supreme Court's ruling in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (overruling *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926)), the appellate courts in *Kelley* and *Stoker* had to also determine whether Section 212.201 remained a jurisdictional prerequisite or just a statutory requirement. Both courts ultimately reached the same conclusion that while *Dubai* eliminated the presumption that all statutory requirements are jurisdictional, the statutory deadline to file suit and join the necessary parties remains a jurisdictional prerequisite. *Id*.; *see Kelley,* 2006 WL 3804451 at *2 ("section 212.201 of the Labor Code is a "jurisdictional statutory prerequisite and party's failure to comply with it deprives the court of jurisdiction to review the Commission's decision.'") (quoting *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 835 (Tex. App.—Austin 2003, pet. denied)); *also see Stoker*, 402 S.W.3d at 929 ("[The Texas Supreme Court] conclud[ed] that the timely filing of the lawsuit is a prerequisite to suit when the defendant is a governmental entity . . . Based on this holding, we must conclude that the fourteen-day filing deadline for a plaintiff to file suit under section 212.2021 of the labor code is a jurisdictional prerequisite.") (alterations added) (citing and referencing *Prairie View A&M University v. Chata*, 381 S.W.3d 500, 515 (Tex. 2012).

Having concluded that Section 212.201 imposes a jurisdictional prerequisite, *Kelley* and *Stoker* then considered whether the plaintiff satisfied the requirements,

*i.e.*, perfected the appeal. The courts reasoned that while the plaintiffs timely filed their petitions, they did not join each necessary party within the statutory time limit, thus depriving the court of jurisdiction. Tex. Lab. Code § 212.201; *Kelley*, 2006 WL 3804451 at *3; *Stoker*, 402 S.W.3d at 930 ("Because the limitations period has been reestablished as a jurisdictional prerequisite for suits against the government, as it was under *Mingus*, we are compelled to conclude that the same reasoning used in the earlier cases applies here.") (referencing *Mingus*, 115 Tex. at 551).

Similarly, this Court should also conclude that Texas Education Code Section 21.307(a)-(c) is a jurisdictional prerequisite to suit. Tex. Educ. Code § 21.307. A comparison of the statutory language in Section 21.307 and Texas Labor Code Section 212.201 reveals a strikingly similar structure. *Id.*; Tex. Lab. Code § 212.201. Subsections (a) and (b) of Section 21.307, which govern the filing deadline and the obligation to appeal to a court of competent jurisdiction, correspond closely with subsection (a) of Section 212.201. *Id.*; Tex. Lab. Code § 212.201. Likewise, subsection (c) of Section 21.307, which mandates that both the Commissioner and each party to the underlying administrative proceeding be made parties to the judicial appeal, mirrors subsection (b) of Section 212.201. *Id.* Accordingly, the analysis employed by the courts in *Lambeth*, *Kelley*, and *Stoker*, should also be applied to Section 21.307. Tex. Educ. Code § 21.307. The statutory parallels lead to the same

conclusion, the failure to join a necessary party within the time limitation deprives the court of jurisdiction.

The Fifth Court of Appeals has already determined that the deadline set forth in Texas Education Code Section 21.307 constitutes a jurisdictional prerequisite. *See Moses v. Dallas Indep. Sch. Dist.*, 12 S.W.3d 168, 172 (Tex. App.—Dallas 2000, no pet.) ("Failure to perfect an appeal in district court within the time prescribed by section 21.307(b) of the education code deprives the district court [of jurisdiction]."); Tex. Educ. Code § 21.307; Tex. Lab. Code § 212.201. Given this holding, and considering the jurisprudence interpreting Texas Labor Code Section 212.201, the next logical conclusion is that the timely joinder of all necessary parties is also required to invoke jurisdiction under Texas Education Code Section 21.307. *Id*.

Therefore, Wagner failed to perfect his appeal under Texas Education Code because he did not join the Commissioner of Education within the mandatory 30-day period. The statutory language, reinforced by judicial precedent and interpretive canons of construction, makes clear that timely joinder of all necessary parties is a jurisdictional prerequisite. Wagner's failure to satisfy this requirement deprived the trial court of subject-matter jurisdiction. Accordingly, the trial court erred in denying Port Arthur ISD's Amended Plea to the Jurisdiction.

**IV. The Trial Court Lacks Jurisdiction to Grant Wagner's Declaratory Relief**

Wagner's First Amended Petition also improperly includes a request for declaratory relief, which the trial court lacks jurisdiction to grant. (CR at p. 11-12). When a statutory framework provides the exclusive means for judicial review, declaratory relief cannot serve as an alternative to challenge an agency decision. *See Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 445 (Tex. App.—Austin 2011, no pet.) ("When a statute provides an avenue for attacking an agency order, a declaratory-judgment action will not lie to provide redundant remedies.").

In *Poole*, the plaintiff sought judicial review of the Commissioner's decision and, additionally, sought declaratory relief asserting entitlement to assault leave. *Id*. at 441. The Court of Appeals affirmed dismissal of the declaratory claim, holding it was impermissibly redundant because the Education Code provided a specific avenue for judicial review of the Commissioner's decision. *Id*. at 445. The appellate court cited the Texas Supreme Court's longstanding rule that declaratory relief is unavailable when another legal avenue exists to resolve the dispute: "[a]s a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action." *Id*. (quoting *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970)).

Here, Wagner seeks judicial review of the Commissioner's decision and simultaneously request declaratory relief that the Port Arthur ISD's failure to follow its reduction in force policies violated Wagner's due process rights, along with attorney's fees. (CR at p. 11-12). Wagner's declaratory relief claim is redundant of the relief available under Section 21.307 of the Texas Education. Code, making it improper. Tex. Educ. Code § 21.307.

Furthermore, the availability of relief under the Declaratory Judgments Act is a jurisdictional matter, not merely a pleading or merits issue. In *Texas General Land Office v. Crystal Clear Water Supply Corp.*, 449 S.W.3d 130, 142-43 (Tex. App.— Austin 2014, pet. denied), the court affirmed dismissal of declaratory claims for lack of jurisdiction, reasoning declaratory relief cannot resolve issues already before the court. Wagner's claim similarly seeks to relitigate matters already decided by the Commissioner and presented to the court through statutory judicial review under the Texas Education Code. Tex. Educ. Code § 21.307. Therefore, this Court should reverse the trial court's ruling and render judgment dismissing Wagner's declaratory relief claim for lack of jurisdiction.

## PRAYER

For the foregoing reasons, Port Arthur ISD prays that the order denying Appellant's Amended Plea to the Jurisdiction be REVERSED.

Port Arthur ISD prays for such other and further relief, general and or special, in law or in equity, to which they may prove themselves to be justly entitled.

Respectfully submitted,

CARRIER LAW GROUP, P.C.
505 Orleans, Suite 505
Beaumont, Texas 77701
Tel: (409) 833-1119
Fax: (409) 271-3690

/s/ *Marivious Allen*
Marivious Allen
State Bar No. 24126295
mallen@caflawgroup.com
Melody Carrier
Texas Bar No. 00785096
mcarrier@caflawgroup.com
Attorneys for Appellant,
Port Arthur I.S.D.

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this brief contains 3402 words, excluding the portions of the brief exempted by rule 9.4(i)(1). The font used in the body of this brief is no smaller than 14 points, and the font used in the footnotes is no smaller than 12 points.

/s/ *Marivious Allen*
Marivious Allen

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, a true and correct copy of the foregoing brief was served electronically via the court's electronic filing system on all parties through the following counsel of record:

Brandon Monk
Texas State Bar No. 24048668
brandon@themonklawfirm.com
The Monk Law Firm
4875 Parker Drive
Beaumont, Texas 77705
**Counsel for Plaintiff/Appellee**

Sherlyn Harper
State Bar No. 24093716
Maya Bailey
State Bar No. 24132648
Assistant Attorney General
Administrative Law Division
OFFICE OF THE TEXAS ATTORNEY GENERAL
808 Travis Street, #1520
Houston, Texas 77002
Telephone: (713) 225-8913
Facsimile: (512) 320-0167
sherlyn.harper@oag.texas.gov
**Counsel for Defendant, Michael Morath,**
**Texas Commissioner of Education**

/s/ *Marivious Allen*
Marivious Allen

# <u>APPENDIX</u>

Plaintiff's Original Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1

Plaintiff's First Amended Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 2

Defendant's Plea to the Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 3

Defendant's Amended Plea to the Jurisdiction . . . . . . . . . . . . . . . . . . . . Exhibit 4

Order on Defendant's Amended Plea to the Jurisdiction . . . . . . . . . . . . . . Exhibit 5

# Exhibit 1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/30/2024 11:55 AM
JAMIE SMITH
DISTRICT CLERK
24DCCV2154

NO. _____

| | | |
|---|---|---|
| DWIGHT WAGNER,<br>　　　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§<br>§ | JEFFERSON COUNTY |
| PORT ARTHUR INDEPENDENT SCHOOL<br>DISTRICT,<br>　　　　Defendant. | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION FOR JUDICIAL APPEAL AND REQUEST FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Dwight Wagner ("Plaintiff" or "Wagner"), and files this Original Petition for Judicial Appeal under Texas Education Code § 21.307 and Complaint for Declaratory Relief, complaining of Port Arthur Independent School District ("Defendant" or "District"), and would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2. Plaintiff Dwight Wagner is an individual residing in Jefferson County, Texas.

3. Defendant Port Arthur Independent School District is a school district organized under the laws of Texas and may be served through its Superintendent, Dr. Mark Porterie at 4801 9th Ave., Port Arthur, Texas, 77642.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Texas Education Code § 21.307, which provides for judicial appeal of decisions by the Commissioner of Education regarding teacher contract nonrenewals.

1

5. Venue is proper in Jefferson County, Texas pursuant to Texas Education Code § 21.307(a)(2), as Jefferson County is the county in which the District's central administrative offices are located.

## IV. FACTUAL BACKGROUND

6. Wagner was employed by the District as an assistant principal under a term contract for the 2023-2024 school year.

7. On or about July 18, 2023, Wagner received notice that his position was funded with ESSER funds and that effective August 2024, he would need to apply for future employment.

8. The District subsequently provided Wagner with notice of proposed nonrenewal, stating the sole reason as "program change necessitated by ending of grant funding."

9. This reason directly corresponds to reason number 10 in the District's DFBB (LOCAL) policy: "Reduction in force because of a program change."

10. The District admitted that at least two positions, including Wagner's, were eliminated due to this program change.

11. Despite choosing to nonrenew Wagner's contract based on a program change which resulted in a reduction in force, the District failed to follow its own mandatory policies governing program changes which resulted in reductions in force, including:

> a. Failing to have the Board approve the employment areas affected by the program change;
>
> b. Failing to have the Superintendent apply the specific Criteria for Decision to each employment area; and
>
> c. Failing to hold an open meeting for the Board to announce its decision after considering the areas recommended by policy.

12. The Commissioner of Education issued a decision on October 1, 2024, erroneously concluding that the District was not required to follow its reduction in force policy.

2

## V. GROUNDS FOR APPEAL

13. The Commissioner's decision is not supported by substantial evidence and must be reversed because:

> a. The Commissioner disregarded the District's own stated reason for nonrenewal, which explicitly triggered the District's reduction in force policies;
>
> b. The Commissioner improperly allowed the District to rely on post hoc justifications not included in the original nonrenewal notice;
>
> c. The Commissioner failed to require the District to follow its own mandatory policies once it chose reduction in force as the basis for nonrenewal; and
>
> d. The Commissioner's reliance on reason number 20 ("Any reason specified in the employee's employment contract") was improper as it was not the basis provided to Wagner in his nonrenewal notice.
>
> e. The Commissioner's conclusions of law are erroneous because they fail to apply binding 5th Cir. due process precedent related to notice and the decision nullifies a board policy without explanation.

## VI. DUE PROCESS VIOLATIONS

14. The District's actions and the Commissioner's decision violated Wagner's due process rights in multiple ways:

> a. Wagner received inadequate notice of the specific reasons for his nonrenewal;
>
> b. The District failed to present any concrete evidence to the Board of Trustees to support the nonrenewal decision;
>
> c. Wagner was denied a meaningful opportunity to respond before the decision was made;
>
> d. The Board engaged in improper ex parte communications regarding Wagner's nonrenewal;
>
> e. The District's decision-making was arbitrary and capricious;
>
> f. Wagner was deprived of his property interest in continued employment without due process;

3

g. The Board was not an impartial decision-maker due to ex parte communications;

h. Wagner was denied a fair hearing as required by the Texas Education Code;

i. The District inconsistently applied its policies regarding reductions in force; and

j. The District failed to consider less drastic alternatives before nonrenewal.

## VII. REQUEST FOR RELIEF

15. For these reasons, Plaintiff requests:

a. That the Court reverse the Commissioner's decision and render judgment reinstating Wagner to his former position with back pay and benefits;

b. Alternatively, that the Court remand this matter to the Commissioner with instructions to properly apply the District's reduction in force policies;

c. A declaration that the District's failure to follow its reduction in force policies violated Wagner's due process rights;

d. Reasonable attorney's fees and costs of court; and

e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MONK LAW FIRM
4875 Parker Drive
Beaumont, TX 77705
(409) 724-6665
(409) 729-6665- Facsimile

*/s/ Brandon P. Monk*

BY: _____

BRANDON P. MONK
State Bar No. 24048668

ATTORNEY FOR PLAINTIFF

4

Exhibit 2

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/6/2025 11:36 AM
JAMIE SMITH
DISTRICT CLERK
24DCCV2154

NO.  24DCCV2154

| | | |
|---|---|---|
| DWIGHT WAGNER, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | JEFFERSON COUNTY |
| | § | |
| PORT ARTHUR INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Defendant. | § | 58th JUDICIAL DISTRICT |

## FIRST AMENDED PETITION FOR JUDICIAL APPEAL AND REQUEST FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DWIGHT WAGNER ("Plaintiff" or "Wagner"), and files this FIRST AMENDED PETITION for Judicial Appeal under Texas Education Code § 21.307 and Complaint for Declaratory Relief, complaining of Port Arthur Independent School District ("Defendant" or "District"), and would respectfully show the Court as follows:

## I.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

## II.    PARTIES

2.    Plaintiff, DWIGHT WAGNER is an individual residing in Jefferson County, Texas.

3.    Defendant, PORT ARTHUR INDEPENDENT SCHOOL DISTRICT is a school district organized under the laws of Texas and has been served and is properly before this Court.

1

4.	Defendant, TEXAS COMMISSIONER OF EDUCATION, MICHAEL MORATH may be served by serving <u>Mike Morath, Commissioner of Education, William B Travis Bldg., 1701 N Congress Ave., Austin Tx 78701-0000</u>.

## III.	JURISDICTION AND VENUE

5.	This Court has jurisdiction pursuant to Texas Education Code § 21.307, which provides for judicial appeal of decisions by the Commissioner of Education regarding teacher contract nonrenewals.

6.	Venue is proper in Jefferson County, Texas pursuant to Texas Education Code §21.307(a)(2), as Jefferson County is the county in which the District's central administrative offices are located.

## IV.	FACTUAL BACKGROUND

7.	Wagner was employed by the District as an assistant principal under a term contract for the 2023-2024 school year.

8.	On or about July 18, 2023, Wagner received notice that his position was funded with ESSER funds and that effective August 2024, he would need to apply for future employment.

9.	The District subsequently provided Wagner with notice of proposed nonrenewal, stating the sole reason as "program change necessitated by ending of grant funding."

10.	This reason directly corresponds to reason number 10 in the District's DFBB (LOCAL) policy: "Reduction in force because of a program change."

11.	The District admitted that at least two positions, including Wagner's, were eliminated due to this program change.

2

12.     Despite choosing to nonrenew Wagner's contract based on a program change which resulted in a reduction in force, the District failed to follow its own mandatory policies governing program changes which resulted in reductions in force, including:

a.      Failing to have the Board approve the employment areas affected by the program change;

b.      Failing to have the Superintendent apply the specific Criteria for Decision to each employment area; and

c.      Failing to hold an open meeting for the Board to announce its decision after considering the areas recommended by policy.

13.     The Commissioner of Education issued a decision on October 1, 2024, erroneously concluding that the District was not required to follow its reduction in force policy.

## V.      GROUNDS FOR APPEAL

14.     The Commissioner's decision is not supported by substantial evidence and must be reversed because:

a. The Commissioner disregarded the District's own stated reason for nonrenewal, which explicitly triggered the District's reduction in force policies;

b. The Commissioner improperly allowed the District to rely on post hoc justifications not included in the original nonrenewal notice;

c. The Commissioner failed to require the District to follow its own mandatory policies once it chose reduction in force as the basis for nonrenewal; and

d. The Commissioner's reliance on reason number 20 ("Any reason specified in the employee's employment contract") was improper as it was not the basis provided to Wagner in his nonrenewal notice.

e. The Commissioner's conclusions of law are erroneous because they fail to apply binding 5th Cir. due process precedent related to notice and the decision nullifies a board policy without explanation.

3

## VI.    DUE PROCESS VIOLATIONS

15.    The District's actions and the Commissioner's decision violated Wagner's due process rights in multiple ways:

 a.    Wagner received inadequate notice of the specific reasons for his nonrenewal;

 b.    The District failed to present any concrete evidence to the Board of Trustees to support the nonrenewal decision;

 c.    Wagner was denied a meaningful opportunity to respond before the decision was made;

 d.    The Board engaged in improper ex parte communications regarding Wagner's nonrenewal;

 e.    The District's decision-making was arbitrary and capricious;

 f.    Wagner was deprived of his property interest in continued employment without due process;

 g.    The Board was not an impartial decision-maker due to ex parte communications;

 h.    Wagner was denied a fair hearing as required by the Texas Education Code;

 i.    The District inconsistently applied its policies regarding reductions in force; and

 j.    The District failed to consider less drastic alternatives before nonrenewal.

## VII.    REQUEST FOR RELIEF

16.    For these reasons, Plaintiff requests:

 a.    That the Court reverse the Commissioner's decision and render judgment reinstating Wagner to his former position with back pay and benefits;

 b.    Alternatively, that the Court remand this matter to the Commissioner with instructions to properly apply the District's reduction in force policies;

 c.    A declaration that the District's failure to follow its reduction in force policies violated Wagner's due process rights;

4

d.      Reasonable attorney's fees and costs of court; and

e.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MONK LAW FIRM
4875 Parker Drive
Beaumont, TX  77705
(409) 724-6665
(409) 729-6665- Facsimile

*/s/ Brandon P. Monk*

BY: _____

BRANDON P. MONK
State Bar No. 24048668

ATTORNEY FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing instrument was delivered to all parties, as shown below, in accordance with the provisions of the Texas Rules of Civil Procedure on the 6th day of March, 2025:

Melody Carrier
Marivious Allen
CARRIER LAW GROUP
505 Orleans, Suite 505
Beaumont, Texas 77701

*/s/ Brandon P. Monk*

_____

BRANDON P. MONK

5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melissa LeJeune on behalf of Brandon Monk
Bar No. 24048668
mlejeune@themonklawfirm.com
Envelope ID: 98142742
Filing Code Description: Amended Filing
Filing Description:  Wagner v. PAISD - First Amended Petition for Judicial Appeal
Status as of 3/6/2025 11:46 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Melody Carrier | | mcarrier@caflawgroup.com | 3/6/2025 11:36:21 AM | SENT |
| Brandon P.Monk | | brandon@themonklawfirm.com | 3/6/2025 11:36:21 AM | SENT |
| Marivious Allen | | mallen@caflawgroup.com | 3/6/2025 11:36:21 AM | SENT |
| Tracie Bullock | | tracie@caflawgroup.com | 3/6/2025 11:36:21 AM | SENT |

# Exhibit 3

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/30/2024 3:27 PM
JAMIE SMITH
DISTRICT CLERK
24DCCV2154

NO. 24DCCV2154

| | | |
|---|---|---|
| **DWIGHT WAGNER,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **JEFFERSON COUNTY** |
| | § | |
| **PORT ARTHUR INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant** | § | **58TH JUDICIAL DISTRICT** |

## DEFENDANT PORT ARTHUR INDEPENDENT SCHOOL DISTRICT'S PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Port Arthur Independent School District ("Defendant" or "District"), and files this Plea to the Jurisdiction, respectfully showing the Court as follows:

### I.   INTRODUCTION

This lawsuit is a judicial appeal of the Texas Commissioner of Education's October 1, 2024, decision, issued pursuant to Texas Education Code §§ 21.304 and 21.307, which affirmed the Independent Hearing Examiner's Recommendation that Port Arthur ISD properly nonrenewed Plaintiff's employment contract. Plaintiff seeks judicial review of this decision but has failed to comply with statutory and procedural requirements, including the mandatory joinder of the Commissioner as a necessary and indispensable party. This failure deprives the Court of jurisdiction over the appeal, and therefore, the case should be dismissed.

### II.   STANDARD

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a cause of action. *Cornyn v. County of Hill*, 10 S.W.3d 424, 427 (Tex.App.-Waco 2000, no pet.). Dismissal for lack of subject matter jurisdiction is appropriate when it is impossible for

the plaintiff's petition to confer jurisdiction on the trial court. *Harris County v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551, 553 (Tex. App.-Houston [14th Dist.] 2001, no pet.).

## III. ARGUMENT

Defendant files this Plea to the Jurisdiction because Plaintiff has failed to join the Texas Commissioner of Education Michael Morath as a necessary and indispensable party, as required by Texas Rule of Civil Procedure 39, Texas Education Code § 21.307(c), and Texas Civil Practice and Remedies Code § 37.006(a). This failure creates a jurisdictional defect, depriving the Court of authority to hear this appeal. Accordingly, the Court should dismiss this case for lack of jurisdiction.

### A. The Commissioner of Education is a Necessary and Indispensable Party.

The Commissioner of Education is a necessary and indispensable party in this case because this lawsuit is a judicial appeal of the Commissioner's decision and seeks declaratory relief that directly affects the Commissioner. Texas Rule of Civil Procedure 39 requires joinder of a person as a party if:

1) In their absence, complete relief cannot be accorded among the existing parties, or

2) They claim an interest related to the subject of the action, and proceeding without them would impair or impede their ability to protect their interest or subject the existing parties to a substantial risk of multiple or inconsistent obligations.

Tex. R. Civ. P. 39(a).

Texas Education Code § 21.307(c) explicitly mandates that "**[t]he Commissioner and each party to the appeal must be made a party to an appeal.**" Tex. Educ. Code § 21.307(c) (emphasis added). Additionally, when declaratory relief is sought, as in Plaintiff's Original Petition, Texas Civil Practice and Remedies Code § 37.006(a) mandates that all persons with an

interest that would be affected by the declaration must be joined as parties. Tex. Civ. Prac. & Rem. Code § 37.006(a).

The Commissioner has a direct and substantial interest in this case as the decision-making authority in the appeal of Plaintiff's nonrenewal. Proceeding without the Commissioner would impair his ability to defend the decision and could expose Port Arthur ISD to inconsistent obligations or rulings arising from the Commissioner's decision. Moreover, the Commissioner's absence prejudices the fairness of the proceedings, as his involvement is necessary to defend the administrative decision under judicial review.

Therefore, the Commissioner is an indispensable party to this suit and Plaintiff's failure to join him deprives the Court of jurisdiction.

## B. Plaintiff Failed to Comply with Statutory Deadlines.

Under Texas Education Code § 21.307(b), judicial appeals of the Commissioner's decisions must be perfected no later than **30 days** after:

(1) The date the party or the party's representative receives notice of the commissioner's decision or the date on which the decision of the board of trustees is affirmed by operation of law if the commissioner fails to issue a decision within the required period; or

(2) If a request for rehearing is filed under Section 21.3041, the date on which the request is denied by order of the commissioner or by operation of law under Section 21.3041(c).[1]

Tex. Educ. Code § 21.307(b)(1)-(2).

The Commissioner issued his decision on October 1, 2024. Plaintiff filed a request for rehearing on October 18, 2024, which was denied by operation of law on November 15, 2024 (**45 days after the Commissioner's Decision was issued**). *See* Tex. Educ. Code § 21.3041(c). Thus,

---

[1] *See* Tex. Educ. Code § 21.3041(c) ("A request for rehearing is denied by operation of law if the commissioner does not issue an order before the 45th day after the date the party or the party's representative receives notice of the commissioner's decision.").

Plaintiff was required to perfect this appeal by December 16, 2024 (**30 days after the denial of the Request for Rehearing**). *See* Tex. Educ. Code 21.307(b). However, Plaintiff failed to join the Commissioner as a party within this statutory deadline, creating a jurisdictional defect that cannot be remedied by Plaintiff amending his petition.

In *Gilmer Independent School District v. Dorfman*, the Court of Appeals held that the trial court's failure to grant the school district's plea to the jurisdiction was erroneous because the Commissioner of Education, as an indispensable party, had not been joined, depriving the trial court of jurisdiction. *Gilmer Indep. Sch. Dist. v. Dorfman*, 156 S.W.3d 586 (Tex. App.—Tyler 2003, no pet.). Similarly, Wagner's failure to join the Commissioner in this case deprives this Court of jurisdiction, and the case must be dismissed with prejudice.

## IV. CONCLUSION

Plaintiff's failure to join the Commissioner of Education as a necessary and indispensable party constitutes a jurisdictional defect that deprives this Court of authority to proceed with the case. Texas Education Code § 21.307(c), Texas Rule of Civil Procedure 39, and Texas Civil Practice and Remedies Code § 37.006(a) unequivocally require the Commissioner's joinder in this judicial appeal. Without the Commissioner's participation, the fairness and integrity of the proceedings are compromised, and Defendant faces the risk of inconsistent obligations. As a result of Plaintiff's failure to perfect this appeal by the statutory deadline, the Court must dismiss this case with prejudice.

**PRAYER**

For these reasons, Defendant Port Arthur Independent School District respectfully requests that this Court:

1. Grant Defendant's Plea to the Jurisdiction and dismiss this case with prejudice for Plaintiff's failure to join the Commissioner of Education as a necessary party; and

2. Grant Defendant such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

CARRIER LAW GROUP, P.C.
505 Orleans, Suite 505
Beaumont, Texas 77701
Tel: (409) 833-1119
Fax: (409) 271-3690

By: /s/ *Marivious Allen*
    Marivious Allen
    Texas Bar No. 24126295
    mallen@caflawgroup.com
    Melody Carrier
    Texas Bar No. 00785096
    mcarrier@caflawgroup.com
    Attorneys for Defendant,
    Port Arthur ISD

## CERTIFICATE OF SERVICE

I hereby certify that on the December 30, 2024, a true and correct copy of the above foregoing document was served on Petitioner via email as follows:

THE MONK LAW FIRM
Brandon P. Monk
brandon@themonklawfirm.com
State Bar No. 24048668
4875 Parker Drive
Beaumont, Texas 77705
409-724-6665
409-729-6665-Facsimile
*Attorney for Plaintiff*

/s/ *Marivious Allen*
Marivious Allen

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marivious Allen on behalf of Marivious Allen
Bar No. 24126295
mallen@caflawgroup.com
Envelope ID: 95726869
Filing Code Description: Motion (No Fee)
Filing Description: Port Arthur ISD's Motion to Dismiss
Status as of 12/30/2024 3:34 PM CST

Associated Case Party: Port Arthur Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Melody Carrier | | mcarrier@caflawgroup.com | 12/30/2024 3:27:29 PM | SENT |
| Marivious Allen | | mallen@caflawgroup.com | 12/30/2024 3:27:29 PM | SENT |
| Tracie Bullock | | tracie@caflawgroup.com | 12/30/2024 3:27:29 PM | SENT |

Associated Case Party: Dwight Wagner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brandon P.Monk | | brandon@themonklawfirm.com | 12/30/2024 3:27:29 PM | SENT |

Exhibit 4

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/17/2025 4:26 PM
JAMIE SMITH
DISTRICT CLERK
24DCCV2154

NO. 24DCCV2154

| | | |
|---|---|---|
| **DWIGHT WAGNER,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **JEFFERSON COUNTY** |
| | § | |
| **PORT ARTHUR INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant** | § | **58TH JUDICIAL DISTRICT** |

## <u>DEFENDANT PORT ARTHUR INDEPENDENT SCHOOL DISTRICT'S AMENDED PLEA TO THE JURISDICTION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Port Arthur Independent School District ("Defendant" or "District"), and files this Amended Plea to the Jurisdiction, respectfully showing the Court as follows:

### I. INTRODUCTION

This lawsuit is a judicial appeal of the Texas Commissioner of Education's October 1, 2024, decision, issued pursuant to Texas Education Code § 21.304, which affirmed the Independent Hearing Examiner's Recommendation that Port Arthur ISD properly nonrenewed Plaintiff's employment contract. However, Plaintiff failed to comply with statutory requirements necessary to perfect this appeal by failing to timely join the Commissioner of Education within the 30-day statutory deadline.

Plaintiff's attempt to cure this jurisdictional defect through an amended petition is futile because he failed to make the Commissioner a party to this suit by December 16, 2024 (the statutory deadline). Therefore, the Court lacks jurisdiction over Plaintiff's judicial appeal.

Additionally, this Court lacks jurisdiction over Plaintiff's request for declaratory relief, as it constitutes an improper attempt to expand the scope of review beyond what is permitted under Texas Education Code § 21.307. Plaintiff cannot use the Declaratory Judgments Act as a means to

challenge the Commissioner's decision outside of the substantial evidence standard by statute. When a statutory framework provides the exclusive means for judicial review, declaratory relief is not available as an alternative remedy. Since the Texas Education Code provides the exclusive remedy for judicial review of contract nonrenewals, Plaintiff's request for declaratory relief is barred as a matter of law.

Accordingly, Plaintiff's judicial appeal was never properly perfected and his request for declaratory relief is jurisdictionally defective. Therefore, this case must be dismissed for lack of jurisdiction.

## II.   STANDARD

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a cause of action. *Cornyn v. County of Hill*, 10 S.W.3d 424, 427 (Tex.App.-Waco 2000, no pet.). Dismissal for lack of subject matter jurisdiction is appropriate when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Harris County v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551, 553 (Tex. App.-Houston [14th Dist.] 2001, no pet.).

## III.   ARGUMENT

Plaintiff was required to make both Port Arthur ISD and the Commissioner of Education, Mike Morath, a party to this suit by December 16, 2024, in accordance with Texas Education Code § 21.307(b)-(c). Plaintiff's failure to join the Commissioner before the deadline creates an uncurable jurisdictional defect, depriving the Court of authority to hear this appeal. Plaintiff's request for declaratory relief is also jurisdictionally defective because it is redundant of the remedies available through judicial review under the Texas Education Code. Accordingly, the Court should dismiss this case for lack of jurisdiction.

**A.** **Plaintiff Failed to Perfect His Appeal by Failing to Timely Join the Commissioner of Education.**

Texas Education Code § 21.307(b) provides that a petition for judicial review must be filed within 30 days of the Commissioner's decision or the denial of a request for rehearing. Additionally, Texas Education Code § 21.307(c) mandates that the Commissioner of Education must be a party to the appeal. Tex. Educ. Code § 21.307(c) ("The commissioner and each party to the appeal must be made a party to an appeal.").

The statutory language is mandatory, not discretionary. The failure to include the Commissioner as a party before the deadline means that this appeal was not perfected and cannot be retroactively cured.

**1.** *Texas Education Code §21.307(b)-(c) Must Be Read Together to Establish a Properly Perfected Appeal.*

Despite Plaintiff's assertion that subsections (b) and (c) should be read separately, the plain language of the statute requires that they be construed together to determine whether an appeal has been properly perfected. The two subsections are not distinct or independent but instead operate in conjunction to establish both the deadline and the procedural requirements necessary for invoking the court's jurisdiction.

The requirement under subsection (c) that the Commissioner must be made a party to the appeal is not an optional or discretionary matter but rather a jurisdictional prerequisite that must be met before the end of the 30-day statutory deadline. Plaintiff's interpretation of the statute is flawed and contrary to law because it suggests that an appeal may be perfected without including all necessary parties, effectively allowing a plaintiff to unilaterally delay joinder and add the Commissioner at an indefinite later date. Such an interpretation is legally untenable because it creates a substantial procedural uncertainty, delays the resolution of the appeal, and prejudices both the District and the Commissioner.

If Plaintiff's reading of the statute were correct, a litigant could file a petition within the deadline but wait until trial or any other arbitrary time to add necessary parties, a result that would undermine the judicial review process and contradict the Legislature's intent in requiring expeditious and structured appeals of agency decisions. Texas law does not support Plaintiff's flawed interpretation.

**2.** ***The Legislature Did Not Provide for Delayed Joinder – Jurisdiction Must Be Established Before the End of the Statutory Deadline.***

Texas Education Code § 21.307 contains no provision permitting delayed joinder of the Commissioner, nor does it suggest that an appeal is properly perfected when only one indispensable party has been made a party to the suit. If the Legislature had intended to allow a party to first file an appeal and then later join each necessary party to the suit after deadline, it would expressly stated so in the statute. Instead, Section 21.307(c) mandates that the Commissioner and each party must be a party to the appeal, meaning that an appeal that fails to include either party before the deadline is defective and not perfected.

Texas courts have strictly applied statutory joinder requirements in administrative appeals and have consistently held that litigants cannot retroactively cure jurisdictional defects through amendments filed after the statutory deadline. *See Wren v. Tex. Emp't Comm'n*, 915 S.W.2d 506, 509 (Tex.App.-Houston [14th Dist.] 1995, no writ) (holding that failure to join necessary parties within the statutory deadline was a jurisdictional defect that could not be cured by amendment); *Lambeth v. Tex. Unemp't Comp. Comm'n*, 362 S.W.2d 205, 207 (Tex.Civ.App.-Waco 1962, writ ref d) (holding that amending a petition after the statutory deadline to add necessary parties does not cure jurisdictional defects).

Similarly, in *Richards v. Tex. Workforce Comm'n,* No. 01-13-00403-CV, 2014 WL 2538621, at *3 (Tex. App.—Houston [1st Dist.] June 5, 2014, pet. denied), the Court of Appeals

explicitly rejected the plaintiff's argument that an amended petition naming the required parties after the statutory deadline could satisfy jurisdictional requirements. The Court of Appeals held that "if an employer who was a party to the proceedings before the [TWC] was not made a defendant within the statutory time limit, the petition may not be amended thereafter to cure the jurisdictional defect." *Id*. (quoting *Wren*, 915 S.W.2d at 509). *See also Kelley v. Tex. Workforce Comm'n*, No. 01-05-01110-CV, 2006 WL 3804451, at *2 (Tex. App.—Houston [1st Dist.] Dec. 28, 2006, pet. denied) (upholding plea to jurisdiction because plaintiff's amended petition naming additional defendants came "too late").

### 3. *Plaintiff's Appeal Was Never Perfected.*

The Commissioner issued his decision on October 1, 2024. Plaintiff filed a request for rehearing on October 18, 2024, which was denied by operation of law on November 15, 2024 (**45 days after the Commissioner's Decision was issued**). *See* Tex. Educ. Code § 21.3041(c). Thus, Plaintiff was required to perfect this appeal by December 16, 2024 (**30 days after the denial of the Request for Rehearing**). *See* Tex. Educ. Code 21.307(b). However, Plaintiff failed to join the Commissioner as a party by this statutory deadline, creating a jurisdictional defect that cannot be remedied through a post-deadline amendment.

When a statutory deadline for judicial review is not met, the court lacks jurisdiction. See *Moses v. Dallas Indep. Sch. Dist.*, 12 S.W.3d 168, 171-72 (Tex. App.—Dallas 2000, no pet.) (holding that a teacher's failure to perfect a judicial appeal precluded the district court from exercising jurisdiction over the case). In *Gilmer Indep. Sch. Dist. v. Dorfman*, 156 S.W.3d 586, 588-89 (Tex. App.—Tyler 2003, no pet.), the Court of Appeals held that the trial court erred in denying a plea to the jurisdiction where the plaintiff had failed to join the Commissioner of Education, an indispensable party, by the statutory deadline. *Gilmer Indep. Sch. Dist. v. Dorfman*,

156 S.W.3d 586 (Tex. App.—Tyler 2003, no pet.). Just as in *Dorfman*, Wagner's failure to join the Commissioner before the deadline deprives this Court of jurisdiction.

Lastly, Plaintiff's reliance on *Miranda v. Texas Dep't of Parks & Wildlife*, 133 S.W.3d 217 (Tex. 2004) is misguided. *Miranda* allowed an amendment to cure a factual pleading defect, not a jurisdictional defect as it relates to a timely mandatory joinder. *Id*. The failure to meet a statutory deadline for perfecting an appeal is not a procedural pleading issue; it is a jurisdictional defect that bars the claim entirely.

Since Plaintiff failed to join the Commissioner by the statutory deadline, his appeal was never perfected, and this Court lacks jurisdiction to proceed. Plaintiff's attempt to cure his defect by amending his petition after the deadline does not retroactively confer jurisdiction that was never properly invoked. The failure to include a jurisdictionally required party within the deadline is a fundamental defect that precludes judicial review, and as such, this case must be dismissed.

**B. The Court Lacks Jurisdiction Over Plaintiff's Request for Declaratory Relief.**

Plaintiff's First Amended Petition improperly includes a request for declaratory relief, seeking relief beyond what is available under Texas Education Code § 21.307. However, when a statutory framework provides the exclusive means for judicial review, declaratory relief cannot be used as an alternative method to challenge an agency decision. *See Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 445 (Tex. App.—Austin 2011, no pet.) ("When a statute provides an avenue for attacking an agency order, a declaratory-judgment action will not lie to provide redundant remedies).

In *Poole*, the plaintiff sought judicial review of the Commissioner's decision that upheld the school district's decision to dismiss Poole's request for assault leave. *Id*. at 441. In addition to judicial review, the plaintiff also sought a declaratory judgment that she was entitled to assault

leave. *Id*. The Court of Appeals affirmed the district court's dismissal of the declaratory judgment claim, holding that it was an impermissible redundant remedy because the Education Code already provided a specific avenue for judicial review of the Commissioner's decision. *Id*. at 445. The appellate court, citing the Texas Supreme Court, reiterated the long-standing rule that declaratory relief is unavailable when another legal avenue exists to resolve the dispute, stating: "[a]s a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action." *Id*. (quoting *Texas Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex. 1970)).

Applying this principle, the court held that because the request for declaratory relief was redundant to the relief available under the Education Code, dismissal of the declaratory action was proper. *Id*. Additionally, Poole's request for attorney's fees was also dismissed, as it was contingent on the declaratory relief claim. *Id*.

Similarly, here, Plaintiff seeks judicial review of the Commissioner's decision and requests a "declaration that the District's failure to follow its reduction in force policies violated Wagner's due process rights" and "[r]easonable attorney's fees and costs of court." *See First Amended Petition for Judicial Appeal and Request for Declaratory Relief*, pages 4-5. Plaintiff's request for declaratory relief is redundant of the relief already available to him through judicial review under Texas Education Code 21.307, and is therefore improper.

Since the Texas Education Code provides the exclusive statutory remedy for reviewing the Commissioner's decision, this Court lacks jurisdiction to consider Plaintiff's request for declarator relief. Plaintiff cannot use a declaratory judgment action to expand the scope of review or obtain

remedies beyond those permitted by statute. Thus, this Court must dismiss Plaintiff's declaratory judgment claim for lack of jurisdiction.

## IV.    CONCLUSION

Plaintiff's judicial appeal was never properly perfected because he failed to comply with the statutory requirements set forth in Texas Education Code § 21.307. Specifically, Plaintiff failed to join the Commissioner of Education before the expiration of the 30-day statutory deadline, creating a jurisdictional defect that cannot be cured through an amendment.

Moreover, this Court lacks jurisdiction over Plaintiff's request for declaratory relief because it is redundant to the judicial review under Texas Education Code § 21.307. Thus, this case must be dismissed for lack of jurisdiction.

## PRAYER

For these reasons, Defendant Port Arthur Independent School District respectfully requests that this Court:

1. Grant Defendant's Amended Plea to the Jurisdiction and dismiss this case with prejudice for Plaintiff's failure to join the Commissioner of Education before the statutory deadline under Texas Education Code § 21.307.

2. Hold that Plaintiff's request for declaratory relief is improper and outside the Court's jurisdiction.

3. Grant Defendant such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

CARRIER LAW GROUP, P.C.
505 Orleans, Suite 505
Beaumont, Texas 77701
Tel: (409) 833-1119
Fax: (409) 271-3690

By: /s/ *Marivious Allen*
    Marivious Allen
    Texas Bar No. 24126295
    mallen@caflawgroup.com
    Melody Carrier
    Texas Bar No. 00785096
    mcarrier@caflawgroup.com
    Attorneys for Defendant,
    Port Arthur ISD

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2025, a true and correct copy of the above foregoing document was served on Petitioner via email as follows:

THE MONK LAW FIRM
Brandon P. Monk
brandon@themonklawfirm.com
State Bar No. 24048668
4875 Parker Drive
Beaumont, Texas 77705
409-724-6665
409-729-6665-Facsimile
*Attorney for Plaintiff*

/s/ *Marivious Allen*
Marivious Allen

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tracie Bullock on behalf of Marivious Allen
Bar No. 24126295
tracie@caflawgroup.com
Envelope ID: 98548819
Filing Code Description: No Fee Documents
Filing Description: DEFENDANT PORT ARTHUR INDEPENDENT SCHOOL DISTRICTS AMENDED PLEA TO THE JURISDICTION
Status as of 3/18/2025 7:08 AM CST

Associated Case Party: Dwight Wagner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brandon P.Monk | | brandon@themonklawfirm.com | 3/17/2025 4:26:12 PM | SENT |

Associated Case Party: Port Arthur Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Melody Carrier | | mcarrier@caflawgroup.com | 3/17/2025 4:26:12 PM | SENT |
| Marivious Allen | | mallen@caflawgroup.com | 3/17/2025 4:26:12 PM | SENT |
| Tracie Bullock | | tracie@caflawgroup.com | 3/17/2025 4:26:12 PM | SENT |

# Exhibit 5

**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**3/20/2025 9:31 AM**
**JAMIE SMITH**
**DISTRICT CLERK**
**24DCCV2154**

CAUSE NO. 24DCCV2154

| | | |
|---|---|---|
| DWIGHT WAGNER,<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | JEFFERSON COUNTY, TEXAS |
| PORT ARTHUR INDEPENDENT<br>SCHOOL DISTRICT,<br>*Defendant* | §<br>§<br>§<br>§ | 58th JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANT'S AMENDED PLEA TO THE JURISDICTION

On _March 20, 2025_ the Court considered the Defendant's Amended Plea to the Jurisdiction and after reviewing the evidence, is of the opinion the same is not meritorious and should be, in all things, denied,

**IT IS THEREFORE ORDERED, ADJUDGED,** and **DECREED** that Defendant, PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, Amended Plea to the Jurisdiction is hereby **DENIED.**

Signed on this _20th_ day of _March_, 2025.

_____
JUDGE PRESIDING

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98675149
Filing Code Description: Notice
Filing Description: Signed Order- Denying Defendant's Amended Plea to Jurisdiction
Status as of 3/20/2025 9:35 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Melody Carrier | | mcarrier@caflawgroup.com | 3/20/2025 9:31:25 AM | SENT |
| Brandon P.Monk | | brandon@themonklawfirm.com | 3/20/2025 9:31:25 AM | SENT |
| Marivious Allen | | mallen@caflawgroup.com | 3/20/2025 9:31:25 AM | SENT |
| Tracie Bullock | | tracie@caflawgroup.com | 3/20/2025 9:31:25 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marivious Allen on behalf of Marivious Allen
Bar No. 24126295
mallen@caflawgroup.com
Envelope ID: 101403493
Filing Code Description: Brief Requesting Oral Argument
Filing Description: APPELLANT PORT ARTHUR ISDS BRIEF
Status as of 5/29/2025 4:39 PM CST

Associated Case Party: Port Arthur Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Melody Carrier | | mcarrier@caflawgroup.com | 5/29/2025 4:24:25 PM | SENT |
| Marivious Allen | | mallen@caflawgroup.com | 5/29/2025 4:24:25 PM | SENT |
| Tracie Bullock | | tracie@caflawgroup.com | 5/29/2025 4:24:25 PM | SENT |

Associated Case Party: Dwight Wagner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brandon Monk | 24048668 | brandon@themonklawfirm.com | 5/29/2025 4:24:25 PM | SENT |

Associated Case Party: Commissioner Mike Morath

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sherlyn Harper | 24093176 | sherlyn.harper@oag.texas.gov | 5/29/2025 4:24:25 PM | SENT |